[Criminal No. 853. Filed February 23, 1937.]

[65 Pac. (2d) 29.]

ERNEST VALDEZ, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. John A. McGuire, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Respondent.

LOCKWOOD, J.—This is an appeal by Ernest Valdez, hereinafter called plaintiff, from a verdict and judgment in the superior court of Yavapai county, finding him guilty of burglary and sentencing him to imprisonment in the penitentiary. The case has been before us once previously, *State* v. *Valdez,* 48 Ariz. 145, 59 Pac. (2d) 328, on an appeal by the state. We dismissed this appeal and remanded the case for further proceedings, as will appear by the opinion in that case. The trial court, in accordance with our views expressed therein, resentenced the defendant, and he has in turn appealed. Many of the questions raised by this appeal were, in effect, determined by us in *State* v. *Valdez, supra,* but there are a few questions which require consideration. The facts of the case appear to be as follows:

Defendant was arrested on December 16, 1935, and taken before the police magistrate in Jerome on the following day. An ordinary complaint charging him with burglary was filed, which contained no reference to any previous conviction. He waived a preliminary hearing, and was bound over to the superior court, the commitment being as follows:

"It appearing to me that the crime of felony, to wit: burglary has been committed on or about the 14th day of December, 1935, at the Town of Jerome, County of Yavapai, State of Arizona, and that there is sufficient cause to believe the defendant Ernest Valdez, guilty thereof, I order that he be held to answer the same."

Thereafter an information was filed by the county attorney, the charging part of which reads as follows:

"That at the County of Yavapai, State of Arizona, in the night time of the 14th day of Dec. A. D. 1935, and prior to the filing of this information, the said Ernest Valdez, did then and there wilfully, wrongfully, unlawfully, feloniously, and burglariously, enter the H. and H. Garage of John Sells on Hill Avenue, in the town of Jerome, Yavapai County, Arizona, at or about the hour of 11:45 P. M. on the said night of the 14th day of December, 1935, with the intent then and there to commit the crime of larceny.

"Contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Arizona.

"It is further alleged that the defendant, before the commission of the offense charged in this information, was, in the Superior Court of Imperial County, State of California, on the 13th day of September, 1926, convicted of the crime of felony, to-wit: burglary in the second degree."

The defendant was tried on this information before a jury, and during the course of the trial he was asked while on the stand,

"Q. Now, Mr. Valdez, I will ask you if it is or is not a fact that in the Superior Court of the State of California in and for the County of Imperial on the 17th day of September, 1926, you were convicted of the crime of burglary in the second degree?" to which he answered, "Yes sir."

The jury returned a verdict finding the defendant guilty of burglary in the first degree, and he was sentenced to serve from three to five years in the penitentiary.

It was the contention of the state that this sentence was void under sections 4898 and 4899, Revised Code of 1928, as being less than the minimum required by

the sections, and its appeal was based on this theory. These sections read as follows:

"§ 4898. *Defendant previously convicted, increased punishment.* Every person who, having been convicted of petit larceny or any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor, as follows: If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years; if the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years; if the subsequent conviction is for petit larceny, or any attempt to commit an offense which, if committed, would be punishable by imprisonment in the state prison not exceeding five years, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding five years. The punishments herein prescribed must be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and found by the jury."

"§ 4899. *Previous conviction in another state.* Every person who has been convicted in any court outside this state, of an offense which, if committed, within this state would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime, committed within this state in the manner prescribed in the preceding section, and to the same extent as if such first conviction had taken place in a court of this state."

We held that the state was correct in its contention, but that appeal was not the proper method of enforcing the law, but rather an application to the lower court to render a proper judgment and sen-

tence, and the case was remanded for that purpose. Thereafter the court sentenced the defendant to serve not less than ten nor more than twelve years in the penitentiary, and the present appeal was taken.

The first question which we consider is whether the information was sustained by the commitment. It is contended that under the law of Arizona an information can charge only a crime for which the defendant was held to answer, and that since an ordinary burglary was the crime set forth in the commitment, an attempt to make any reference to a previous conviction in California was charging the defendant with an entirely distinct and different crime from that for which he was held to answer. This apparently is based on the theory that sections 4898 and 4899, *supra,* create new and different crimes from those set forth in other portions of the Penal Code, specifically, that burglary in the first and second degrees, which are defined in section 4746, Revised Code of 1928, are very different offenses in the eyes of the law from the crime of burglary in the first degree after a previous conviction of a felony, which is, it is claimed, created by 4898 and 4899, *supra.* The contention is ingenious, but we think hardly plausible, for on that theory there was an indefinite number of new crimes created by section 4898. The truth is that 4898 and 4899 do not create any crimes whatsoever, but merely provide that under certain circumstances set forth therein the penalty for certain crimes specifically created by and defined in other parts of the Penal Code shall be different from what it is under other circumstances. The information charged the crime of burglary in the first degree, and the added provisions thereof in regard to the commission of a previous burglary in California in no way charged any different offense, but merely set forth facts which

might affect the penalty for burglary prescribed by our legislature.

■ ■ The next objection is that the information does not sufficiently charge a conviction in a sister state of "an offense which if committed within this state would be punishable by the laws of this state by imprisonment in the state prison" in that it merely charges "burglary in the second degree" committed in the state of California, and that it does not appear that the facts which might constitute such an offense under the laws of California would necessarily constitute a similar offense under the laws of Arizona. We are of the opinion that when the previous conviction is charged to be an offense which is designated by name by our law as one falling within the required category, the presumption is that the conviction in the other state carried with it all the essentials of the crime in Arizona, and that if it is contended to the contrary, that is a matter of defense which can and must be raised by the defendant under a plea of not guilty to the commission of the previous offense. We hold, therefore, that the information does sufficiently set up facts which would justify the imposing of sentence under sections 4898 and 4899, *supra*.

■ ■ The next contention is that the crime of burglary in the first degree is not one which is punishable under our law by "imprisonment in the penitentiary for any term exceeding five years" within the meaning of section 4898, *supra*. This is based on the argument that the penalty for burglary in the first degree, when it is a first offense, under section 4746, Revised Code of 1928 is "not less than one nor more than fifteen years," and that since a sentence for a first offense *may* be less than five years, it does not come within the provision of section 4898 above quoted. In other words, that in order to fall within the language "any term exceeding five years," it is the minimum which

must exceed five years and not the maximum. If the language of section 4898, *supra,* had been for ''a term not less than five years,'' the position of defendant would be correct, but such was not the case. We think the only reasonable construction of the words ''any term exceeding five years'' refers to the maximum and not to the minimum sentence which may be imposed. We hold, therefore, that section 4898, *supra,* applies to a conviction of burglary in the first degree, since the minimum as well as the maximum legal sentence may well run over the five-year period referred to.

■ ■ The final question which we need consider is the failure of the court to give certain instructions. The theory of the state was that the defendant had entered a certain garage, located in Jerome, with the intent to commit larceny by stealing of an automobile therefrom. The trial court correctly instructed as to the definition of burglary in the first degree, and as to what constituted larceny. Defendant did not object to these instructions, but asked that the court should also instruct the jury that in order to constitute larceny there must be an intent to deprive the owner of the property thereof permanently and without claim of color or right of title. That is, of course, the law, and if there were any evidence in the case which would raise the issue of claim of title or temporary taking, it would have been error to refuse the requested instruction. But no matter how sound a principle of law contained in a requested instruction is, there is no error in refusing to give it unless it applies to some theory of the case which is sustained by evidence. In the present case, the defendant himself did not contend that he was attempting to take the automobile for any reason, his defense being an alibi and a contention that he was not the man whom the officers saw seated in the car in the garage, nor was there the

slightest suggestion from which a jury would be justified in believing that the man seen by the officers was attempting merely to borrow a car. We think the instruction requested, although good law in the abstract, had no application to any of the evidence in the case.

There are several other questions raised by the appeal, but they have already been determined by what we said in the previous case and we need not repeat the law laid down therein.

For the foregoing reasons, the judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.