**Ruben BENN, Petitioner,**

v.

**Frank A. EYMAN, Warden, Arizona State Penitentiary, Respondent.**

**No. Civ. 6456.**

United States District Court
D. Arizona.

Feb. 29, 1969.

Ruben Benn, pro se.

## OPINION

CRAIG, District Judge.

In the above entitled cause petitioner filed his petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. All state remedies having been exhausted, the petition is received.

Taking the facts as set forth in the petition as true, it appears that an information was filed on October 28, 1964 in the Superior Court of the State of Arizona in and for the County of Maricopa charging the defendant with burglary in the first degree, with a prior felony conviction of assault with intent to commit rape. At an arraignment on November 5, 1964, petitioner pleaded not guilty and denied the prior conviction. On December 10, 1964, while represented by counsel, petitioner withdrew his prior not guilty plea and entered a plea of guilty to burglary in the first degree with a prior felony conviction. On December 22, 1964 a sentence of from fifteen years to life was imposed.

An appeal was taken to the Supreme Court of Arizona. On that appeal the conviction and sentence were affirmed. Arizona v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966), reh. den., April 4, 1967. A petition for writ of error coram nobis was denied by the Arizona Supreme Court on June 20, 1967.

Petitioner raises three issues in this Court which are asserted to be denials of rights guaranteed by the Constitution or laws of the United States.

First, petitioner asserts that the Arizona judiciary has arbitrarily denied him his right to adequate post-conviction remedies by which could be determined his claims of violation of federal rights. See, Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949), and Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965). This same matter was once before presented to this Court by petitioner and fifty-one other prisoners of the State of Arizona. After a hearing in that cause, petition for writ of habeas corpus was denied. Anders et al. v. Eyman, No. Civ–6301 Phx., decided May 1, 1967. The ruling in that case has since been affirmed. Anders et al. v. Eyman, 388 F.2d 550 (1968, 9th Cir.), decided January 5, 1968. Arizona through its coram nobis procedure provides adequate post-conviction remedies when violation of federal rights are alleged. See, Arizona v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. den. 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967); Arizona v. Janovic, 101 Ariz. 203, 417 P. 2d 527 (1966), cert. den. 385 U.S. 1036, 87 S.Ct. 777, 17 L.Ed.2d 683 (1967). There is no merit to petitioners first ground for habeas corpus.

Second, petitioner argues that the sentence imposed in this case exceeds the statutory maximum, thereby denying

him due process and equal protection of the law.

The penalty for burglary in the first degree is set out in A.R.S. § 13-302:

"Burglary committed in the nighttime is burglary of the first degree, punishable by imprisonment in the state prison for not less than one nor more than fifteen years."

For sentences on a prior conviction A.R.S. § 13-1649 provides:

"A. A person who, having been previously convicted * * * for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

A penalty of up to fourteen years is authorized for assault to commit rape by A.R.S. § 13-252.

■ Petitioner argues that these statutes should be interpreted to provide in this case for a minimum sentence of ten years and a maximum sentence of fifteen years. Petitioner cites Valdez v. Arizona, 49 Ariz. 115, 65 P.2d 29 (1937), to support his argument that he cannot be subjected to a heavier maximum penalty for a subsequent offense. *Valdez* holds exactly the opposite. As the final interpreter of the meaning of state law, the Arizona Supreme Court rejected petitioner's argument. It held that a sentence of from fifteen years to life was within the permissable limits of the legislation. Arizona v. Benn, *supra*. This Court has neither authority nor desire to quarrel with that conclusion.

Third, petitioner alleges that the sentence imposed in this case constitutes cruel and inhuman punishment in violation of the Eighth Amendment to the Constitution.

■■ It is well settled that a sentence within a valid statute cannot

amount to cruel and unusual punishment; when a statute provides for such punishment, the statute only can be attacked. Pependrea v. United States, 275 F.2d 325 (9th Cir., 1960); Arizona v. Cuzick, 97 Ariz. 130, 397 P.2d 629. Having determined that the penalty in this case is within the limits of the statute, the sentence imposed is neither cruel nor unusual.

For the foregoing reasons it is the determination of this Court that petitioner is not restrained of his liberty in violation of the Constitution or laws of the United States and petitioner is not entitled to the relief requested.

It is ordered that the petition is denied.