481 P.2d 859

**STATE of Arizona, Appellee,**

v.

**Willie Floyd CANADA, Appellant.**

**No. 1687.**

Supreme Court of Arizona,
In Division.
March 4, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Richard T. Treon, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant, Willie Floyd Canada, was tried by a jury and convicted of two counts of forgery on February 25, 1965. Prior to his trial he admitted a prior federal felony conviction, (aiding and abetting robbery of a federal bank). He was sentenced by the court to not less than ten years nor more than fourteen years in the Arizona State Prison. From his conviction and sentence he takes this delayed appeal.

The defendant, Earl Bates and Modessia Ward were charged in a joint information with two counts of forgery and one count of grand theft. Larsella Clinton was charged with the same offenses in a separate information. Bates and Clinton entered pleas of guilty to the two counts of forgery and at defendant's separate trial testified for the state to the following facts:

Defendant, a resident of Phoenix, Arizona, visited the City of Flagstaff and had in his possession seven blank money orders which were part of a large number stolen from a Circle K Market in Phoenix. On July 19th defendant, Bates and their two female companions Clinton and Ward made several attempts to pass the money orders.

The defendant would fill out the money order and Larselle Clinton would attempt to pass it using the name "Marion Sneed" and the identification provided by the defendant. At the Americana Motel she passed the first money order and obtained cash and a room. Such accommodations were not large enough for the group and the defendant then acquired another room at the same motel. When vacating the first room the defendant and Bates removed the television set.

On July 20th Clinton passed money orders at the Arizona Bank (Count II) Valley National Bank and Safeway Store, and then was apprehended after passing a money order at the J. C. Penney Company (Count I). Bates, defendant and Ward then came to Phoenix where they were later arrested.

Following his trial the court instructed a verdict for defendant on Count III, the theft of the television set, and the jury found defendant guilty of two counts of forgery.

█ Defendant contends that his conviction on the two counts was solely upon the uncorroborated testimony of the admitted accomplices, Bates and Clinton and that the trial court erred in not granting his motion for an instructed verdict. Section 13-136 A.R.S. provides that no conviction shall be had upon the testimony of an accomplice unless such testimony is corroborated by other evidence which tends independently to link defendant with the commission of the offense. We have held that such evidence need not directly connect the defendant with the offense but need only tend to do so, State v. Sheldon, 91 Ariz. 73, 369 P.2d 917, and may be circumstantial, State v. Bagby, 83 Ariz. 83, 316 P.2d 941.

The night clerk of the Americana Motel identified the defendant as the person who registered under the name "John Henry Brown" in the company of Earl Bates and two women. The witness also identified the money order he had received from "Marion Sneed" shortly before defendant registered. It was similar to the other two money orders referred to in Counts I and II and together they demonstrated a common scheme and plan and connected the defendant to the crimes charged.

█ Viewing the evidence as we must on appeal, in a light most favorable to the state, we find that there was sufficient independent evidence corroborating the testimony of the accomplices and it was not error for the court to have submitted the question to the jury.

█ Defendant's second contention is that his sentence was illegal since the state had no jurisdiction over a crime similar to the prior federal offense, and therefore it was not a prior conviction within the meaning of A.R.S. §§ 13-1649 and 13-1650. Such a defense must be raised by a defendant under a plea of not guilty to the commission of a previous offense. Valdez v. State of Arizona, 49 Ariz. 115, 65 P.2d 29. Rule 180, Rules of Criminal Procedure, 17 A.R.S. provides that "pleas of guilty shall be conclusive of the previous conviction in all subsequent proceedings." It is apparent that under the above statutes the jurisdiction in which the prior offense was committed is immaterial, since the elements of the prior offense are relevant in determining that defendant is a recidivist. Section 13-1650 A.R.S. subjects one convicted of a felony in any court outside the jurisdiction of the Arizona courts to punishment for a subsequent offense committed within the jurisdiction of the Arizona courts in the manner set forth in A.R.S. § 13-1649 as if the prior conviction had taken place in an Arizona court.

█ The sentence is within statutory limits. The terms were made concurrent and credit was given for time served while awaiting trial. Defendant committed the charged offenses while on parole for aiding and abetting in a bank robbery. The presentence report stated that defendant had also a prior conviction of auto theft and that another forgery charge and possession of marijuana charges were pend-

ing in Phoenix. He was described as "uncooperative, demanding and obnoxious" while incarcerated. The court did not abuse its discretion in fixing the sentence.

Judgment affirmed.

HAYS, V. C. J., and UDALL, J., concur.