621 P.2d 928

**STATE of Arizona, Appellee,**

v.

**Antonio Leyva ARMENDARIZ, Appellant.**

**No. 1 CA–CR 4458.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 25, 1980.

Rehearing Denied Dec. 30, 1980.

Review Denied Jan. 13, 1981.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The issue in this appeal is what types of prior convictions may be used to enhance punishment for a crime designated as a class 2 dangerous nature felony. On May 19, 1979, appellant, Antonio Leyva Armendariz fatally shot his estranged wife. After plea negotiations, he entered a plea of guilty to murder, second degree, a class 2 dangerous nature felony in violation of A.R.S. §§ 13–1101, 13–1104 and 13–604.[1] He also pled guilty to a prior 1963 conviction of assault with a deadly weapon, which was alleged and found to be a dangerous nature felony and the plea agreement provided that appellant would be sentenced to 24 years imprisonment. Based upon the plea to second degree murder and the plea to the prior conviction, both the court and counsel proceeded upon the assumption that the enhanced punishment provisions of A.R.S. § 13–604(G)[2] were applicable. This

---

1. Unless otherwise designated, all references are to Arizona's Revised Criminal Code effective October 1, 1978.

2. § 13–604. Dangerous and repetitive offenders

statute provides that upon a second conviction for a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for not less than twice or more than four times the presumptive sentence authorized in A.R.S. § 13–701. The presumptive sentence under A.R.S. § 13–701 for the class 2 felony to which the defendant pled guilty is seven years. Thus, if the 1963 conviction for assault and battery could be used to enhance punishment under A.R.S. § 13–604(G) the range of defendant's sentence would be not less than 14 nor more than 28 years. As stipulated in the plea agreement, the defendant was sentenced to a term of 24 years imprisonment.

■ The sole issue on appeal is whether the 1963 conviction of assault with a deadly weapon was properly used to enhance punishment under A.R.S. § 13–604(G). The defendant argues that only those pre-1978 code convictions which carried potential life sentences could be used to enhance punishment under subsection G. His argument focuses on the last sentence of that subsection which stated:

> For the purposes of this subsection in determining the applicability of the penalties provided herein for second or subsequent class 2 or 3 felonies, the conviction for any felony committed prior to October 1, 1978 which carries a penalty of up to life imprisonment may be designated by the state as a prior felony.

Because defendant's 1963 conviction at that time carried a maximum potential sentence of ten years imprisonment under former A.R.S. § 13–249 (Laws 1956), appellant contends that it was improperly used to enhance his punishment. The State's position is that the last sentence of subsection G did not limit prior convictions to only those involving potential life sentences, but was meant to expand the categories of prior convictions to include not only any prior dangerous nature felony, but also those

\* \* \* \* \* \*

G. Upon a first conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument or upon conviction of a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served. Upon a second conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument or upon a second conviction for a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for twice the sentence and not more than four times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served. Upon a third or subsequent conviction for a class 2 or 3 felony involving use or exhibition of a deadly weap-on or dangerous instrument or upon the third or subsequent conviction for a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for three times the sentence and not more than five times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served. Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range, except in the case of a third or subsequent conviction in which case the presumptive term shall be the median of the allowable range. The presumptive term may be mitigated or aggravated within the range prescribed under this subsection pursuant to the terms of § 13–702, subsections C, D and E. For the purposes of this subsection in determining the applicability of the penalties provided herein for second or subsequent class 2 or 3 felonies, the conviction for any felony committed prior to October 1, 1978 which carries a penalty of up to life imprisonment may be designated by the state as a prior felony.

non-dangerous nature felonies carrying potential life sentences, such as A.R.S. § 36–1002.02, sale of narcotic drugs. In support of this, the State cites A.R.S. § 13–604(K) for the definition of "dangerous nature of the felony":

> ... For the purposes of this subsection, "dangerous nature of the felony" means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another.

We disagree. Not only does the above sentence specifically limit itself to subsection K, which deals with pleading and proving a dangerous nature felony, it in no way implies that all pre-1978 dangerous nature felonies could be used for enhancement purposes under subsection G as presumed by the State. It merely defines the term.

■ Subsection G is designed to enhance punishment for class 2 and 3 felons who, for the first time, or repeatedly, commit class 2 or 3 felonies in a violent manner in that they knowingly inflict serious physical injury upon another or use or exhibit a deadly weapon or dangerous instrument. This legislative intent may be gleaned not only from the language of the statute itself, but from legislative history.

In 1975, the Arizona Criminal Code Commission submitted to the legislature its proposed revision of the criminal laws of Arizona.[3] In large part, these recommendations were adopted by the legislature effective October 1, 1978. Section 703 of the proposed code was the forerunner to what is now A.R.S. § 13–604. In its comments to section 703, the commission made it clear that as to felons, the proposed statute was aimed at the following categories of criminals:

1. The persistent non-dangerous felon;
2. The repeater of violent crimes (including those using or exhibiting a deadly weapon or dangerous instrument); and
3. The repetitive felony offender who stands convicted of a serious or violent felony.

**3.** Arizona Revised Criminal Code, Arizona Criminal Code Commission, Phoenix, Arizona (1975).

Although section 703 was substantially modified in the 1978 Code, similar classifications are found in A.R.S. § 13–604. Thus, subsections A, B, C and D deal with the persistent, non-dangerous felon, distinguishing only between non-serious offenders (subsections A & C) and serious offenders (subsections B & D) and second offenders (subsections A & B) versus third time or more offenders (subsections C & D). They permit enhanced punishment by prior convictions of "any felony" regardless of its classification as serious (class 2 or 3 felons) or non-serious (class 4, 5 and 6 felons) or whether the prior conviction was a dangerous nature felony or any other felony committed in a non-dangerous manner.

■ Subsections F and G deal with violent criminals, providing enhanced punishment for first offenders and increasing degrees of punishment for repetitive offenders of violent crimes. In these subsections both the nature (serious or nonserious) and the degree (the class of felony) of the crime for which the criminal currently stands convicted and the nature and degree of the prior convictions are critical. Subsection F deals with a felon who stands convicted of a non-serious (class 4, 5 or 6), dangerous nature felony. His sentence may be enhanced by *any* prior dangerous nature felony, regardless of its classification.

■ Subsection G deals with a felon who stands convicted of a serious (class 2 or 3), dangerous nature felony. His sentence may only be enhanced by a prior felony which was both serious and a dangerous nature felony. Because here, for the first time in the punishment scheme, the degree (classification) of the prior conviction is limited to the more serious (class 2 or 3) felonies, the problem arises as to how to treat felonies committed prior to the 1978 code when felonies were not designated by the classes which now appear in A.R.S. § 13–701. Recognizing the problem, the legisla-

ture inserted the last sentence stating that only those convictions occurring prior to the new code which carried a potential life sentence could be used as a prior felony under subsection G.

■ There is nothing in the language, reasoning or history of A.R.S. § 13–604(G) which supports the State's theory that any dangerous nature felony could be used for enhancement or that the legislature intended to expand prior felonies to include not only dangerous nature felonies, but any felony carrying a potential life sentence. The legislature merely created a classification of statutorily presumed class 2 and 3 felonies, i. e., those committed prior to 1978 which carried potential life sentences.[4] Clearly, where both the current and prior convictions to be used under subsection G are committed after the effective date of the 1978 code, a conviction for a non-serious crime (Class 4, 5 or 6) could not be used for enhancement even if it involved a dangerous nature felony, nor could a crime such as sale of narcotics even though it may carry a potential life sentence. To permit prior convictions under the old code in these categories to enhance punishment under subsection G, as argued by the State, would bear no meaningful relationship to the purpose of this subsection and would create a different sentencing structure for those felons whose prior convictions antedated the new criminal code, thus subjecting the subsection to constitutional attack on equal protection grounds. The only logical conclusion, in construing A.R.S. § 13–604(G) as it existed prior to the 1980 amendment is as follows: In determining whether a pre-1978 conviction may be used for enhancement, if when committed it carried a potential life

sentence, it must be presumed to be a class 2 or 3 felony. If it was also committed in a dangerous manner, it may be used for enhancement under subsection G.

The State also argues that because the last sentence of subsection G uses the phrase "*carries* a penalty of up to life imprisonment" we should look to the potential sentence for the crime at the date the new code was enacted as opposed to the date that the crime was committed. As the legislature in 1967 increased the punishment for assault with a deadly weapon to a potential life sentence (A.R.S. § 13–249(B), as amended Laws 1967), the State argues that the use of the prior conviction was valid. We disagree.

If the legislature had intended to refer to the date of the enactment of the 1978 code, it would have so stated. Moreover, the obvious grammatical error in using the word "carries," if taken literally, is equally subject to the interpretation that we must look to the penalty which the crime carries under the new code.[5] Presently, A.R.S. § 13–1204(A)(2) governs assault with a deadly weapon or dangerous instrument and classifies it as a class 3 felony. It carries a maximum sentence of fifteen years imprisonment. *See* A.R.S. § 13–701(B)(2) and A.R.S. § 13–604(G). Under this interpretation, the crime still would not carry a potential life sentence and therefore could not be used for enhancement.

■ In construing the language in a statute, the rules of construction require that a court examine the context, subject matter, effects, consequences and the spirit and reason of the law. *State v. Sanchez,* 128 Ariz. ——, 627 P.2d 698 (1980). So doing, we conclude that only those crimes which carried potential life sentences at the time they were

---

**4.** The Criminal Code Commission's recommended treatment was to statutorily designate the specific crimes to be considered as dangerous. For example, see § 703(a). The failure of the legislature to follow this recommendation supports the conclusion that the sentencing judge was only to consider whether the prior conviction carried a potential life sentence and not to attempt to classify it under the new code. The latter approach has been taken in the revision of A.R.S. § 13–604(G), effective April 23, 1980, which states:

... For the purposes of this subsection in determining the applicability of the penalties provided herein for second or subsequent class 2 or 3 felonies, the conviction for any felony committed prior to October 1, 1978 which, if committed after October 1, 1978, could be a dangerous felony under this section may be designated by the state as a prior felony.
Arizona Session Laws, Ch. 229, Sec. 7.

**5.** See footnote 4.

committed may be presumed to be class 2 or 3 felonies and used for enhancement under the statute as it existed prior to the 1980 amendment.

Appellant's plea to murder second degree, a class 2 dangerous nature felony with a prior conviction which may not be considered as a class 2 or 3 felony, subjected him to a maximum sentence of twenty-one years imprisonment under either subsection B as a repeat offender or subsection G as a first offender, dangerous nature felon. Hence, defendant's sentence of twenty-four years was not lawful.

However, we note that the sentence of twenty-four years passed by the court was the exact sentence to which the State and the defendant agreed. Since we have determined that the sentence agreed upon is illegal, we deem it proper to remand this matter to the trial court to afford the State the opportunity, if it so desires, to request the trial court to be relieved from its plea agreement. In the event the State does not make such a request within 20 days of the issuance of our mandate, the sentence of the defendant is modified to a sentence of twenty-one years and as so modified, the sentence is affirmed.

HAIRE, P. J., and EUBANK, J., concur.