OPINION
CONTRERAS, Presiding Judge.
Appellant was indicted on January 11, 1982 for trafficking in stolen property, a class 3 felony. The State filed an allegation of prior convictions, on May 17, 1982. Appellant entered into a plea agreement on August 18, 1982, wherein he pled guilty to the original charge with one prior conviction alleged. The prior conviction admitted by appellant was a federal conviction from the District Court of Arizona, CR-74-40 Phx., dated March 11, 1974. The plea agreement set forth a stipulated sentence of seven and one-half years, the presumptive sentence for a class 3 felony with a prior conviction alleged. A.R.S. § 13-604.
On appeal, appellant argues that his sentence was illegal in that the prior conviction used to enhance his sentence should not have been considered, under A.R.S. § 13-604(1), as a prior conviction. A.R.S. § 13-604(1) states, in part:
A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section.
The prior conviction, which appellant admitted at the plea proceeding, was a federal offense, a violation of 18 U.S.C. § 2312. The judgment, appended to the allegation of prior convictions by the state, set forth, in part:
IT IS ADJUDGED that the defendant has been convicted upon his plea of Guilty of the offense of violating Title *329 18, Section 2312, United States Code (Sell and Dispose of stolen motor vehicle), as charged in count 1 of the Indictment.
Appellant argues that under 18 U.S.C. § 2312 an element that must be pled and proved is that the motor vehicle or aircraft was transported in interstate or foreign commerce. He concludes that because the State of Arizona does not have a statute which specifically regulates interstate or foreign commerce that the offense was not punishable under Arizona law and he was, therefore, improperly sentenced as a repetitive offender under A.R.S. § 13-604(B) and (K).
Both parties to this appeal recognize that a guilty plea generally waives nonjurisdictional objections. State v. Flewellen, 127 Ariz. 342, 621 P.2d 29 (1980). However, it is clear that where the objection is to the validity of the sentence imposed, such an objection is not waived by a guilty plea. See, e.g., State v. Canada, 107 Ariz. 66, 481 P.2d 859 (1971); cert. denied, 404 U.S. 848, 92 S.Ct. 154, 30 L.Ed.2d 87 (1971); State v. Armendariz, 127 Ariz. 422, 621 P.2d 928 (App.1980). When the prior conviction used to enhance a sentence under A.R.S. § 13-604 cannot be considered a prior conviction, a sentence under that statutory provision is not lawful and may be objected to on appeal. Cf. State v. Armendariz, 127 Ariz. 422, 621 P.2d 928 (App.1980) [defendant pled guilty to a prior conviction and was sentenced under A.R.S. § 13-604(G) for a dangerous and repetitive felony; on appeal, it was held that the prior conviction to which a defendant pled could not be considered under A.R.S. § 13-604(G) and (K) as a dangerous nature felony].
Turning to the merits of appellant’s argument, we conclude that the prior conviction could be considered by the court under A.R.S. § 13-604(K) for enhancement. In Canada, a similar argument was raised. The defendant in that case argued that his enhanced sentence was illegal because the State of Arizona had no jurisdiction over a crime similar to the prior federal offense and that it was, therefore, not a prior conviction within the meaning of A.R.S. §§ 13-1649 and 13-1650 (now, A.R.S. § 13-604). The court rejected that argument with a statement that:
It is apparent that under the above statutes the jurisdiction in which the prior offense was committed is immaterial, since the elements of the prior offense are relevant in determining that defendant is a recidivist.
107 Ariz. at 67, 481 P.2d at 860.
A similar argument was also raised in State v. Wait, 9 Wash.App. 136, 509 P.2d 372 (1973), cert. denied, 415 U.S. 930, 94 S.Ct. 1440, 39 L.Ed.2d 488 (1974). In that case, the defendant argued that this prior conviction under 18 U.S.C. § 2312 did not constitute conviction of a “crime which under the laws of [the State of Washington] would amount to a felony”. 9 Wash.App. at 140, 509 P.2d at 374. Noting what appeared to be a division of authority in this country on the question of whether a conviction under 18 U.S.C. § 2312 amounted to a prior felony conviction for purposes of state habitual criminal statutes, the court stated:
We believe these latter authorities state a general rule, properly applicable to the case at bar, that a previous conviction under a federal statute may be used for purposes of a state habitual criminal act so long as elements sufficient to amount to a state felony were included within the federal offense and thereby necessarily were proven beyond a reasonable doubt.
9 Wash.App. at 142, 509 P.2d at 375.
Applying that test, the court noted that the four essential elements of the offense prohibited by 18 U.S.C. § 2312 were:
(1) that the motor vehicle had been stolen;
(2) that the motor vehicle was transported in interstate commerce;
(3) that the defendant knew the motor vehicle had been stolen; and
(4) that the defendant transported the motor vehicle with dishonest intent.
9 Wash.App. at 143, 509 P.2d at 376.
By comparing the elements of the federal and state crimes, the court concluded *330 that appellant’s conviction under 18 U.S.C. § 2312 necessarily proved that appellant committed a crime which would amount to a felony under the laws of the State of Washington. We note that this same analysis was suggested by the Arizona court in Canada, when it stated that “the elements of the prior offense are relevant in determining that defendant is a recidivist.” 107 Ariz. at 67, 481 P.2d at 860. Furthermore, we note that in defining “offense”, the Criminal Code defines it in the following terms: “[o]ffense” means conduct for which a sentence to a term of imprisonment or of a fine is provided by any law of this state or by any law, regulation or ordinance of a political subdivision of this state. A.R.S. § 13-105(18).
We believe that the Code’s emphasis on “conduct” in defining “offense” is consistent with the court's emphasis in Canada, i.e., that it is the elements of the prior offense which are relevant in determining whether the enhanced punishment provisions apply.
A conviction under 18 U.S.C. § 2312 supports a finding that elements, necessarily found beyond a reasonable doubt in that conviction, are present which would support a conviction under A.R.S. § 13-2307, which prohibits trafficking in stolen property-
In conclusion, we find that the allegation of the prior conviction under 18 U.S.C. § 2312 supported enhanced punishment under A.R.S. § 13-604(B) and (K). Prior conviction of the federal offense can be considered for purposes of enhanced punishment so long as elements sufficient to amount to a state felony were included within the federal offense and were thereby necessarily proven beyond a reasonable doubt.
Judgment and sentence affirmed.
FROEB and OGG, JJ., concur.