833 P.2d 704

**STATE of Arizona, Appellee,**

v.

**Bruce Lane DECKER, Appellant.**

**No. CR–91–0327–PR.**

Supreme Court of Arizona.

July 16, 1992.

---

**34**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

H. Allen Gerhardt, Pinal County Public Defender, Florence, for appellant.

## OPINION

CORCORAN, Justice.

Defendant Bruce Lane Decker was convicted in Pinal County of second degree burglary and theft. At sentencing, the trial court used defendant's 1978 Iowa misdemeanor conviction as a ground for enhancing his sentences. The court of appeals affirmed.

We granted defendant's petition to review the trial court's use of his prior conviction to enhance his sentences. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. §§ 13–4031, –4033, and 12–120.24.

### Facts and Procedural History

On March 30, 1989, defendant was charged with burglary in the second degree and theft of $1,000 or more, each a class 3 felony. A jury convicted defendant on both counts. Thereafter, the jury found that on March 10, 1978, defendant had been convicted in Iowa of theft in the third degree.

The trial court, relying on A.R.S. § 13–604, used defendant's 1978 Iowa conviction to enhance his sentences. The court of appeals affirmed the convictions and the enhanced sentences. We granted defendant's petition for review to determine whether defendant's prior *misdemeanor* conviction may be used to enhance his sentences. We conclude that it may not be so used.

### Discussion

To resolve this case, we must first determine whether defendant is "subject to" the enhancement provisions of A.R.S. § 13–604(A)–(G). If so, we must then determine whether any of them apply to defendant.

I. *Defendant is Subject to § 13–604(A)–(G)'s Enhancement Provisions.*

Section 13–604(I) identifies those defendants who are subject to the enhancement provisions of § 13–604(A)–(G). Section 13–604(I) provides in part:

A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is *subject to* the [enhancement] provisions of [§ 13–604(A)–(G)].

(Emphasis added.) Under § 13–604(I), then, if defendant's 1978 Iowa offense would have been punishable as a felony or misdemeanor if it had been committed in Arizona, he is subject to the enhancement provisions of § 13–604(A)–(G).

In determining whether defendant's Iowa offense would have been punishable as a felony or misdemeanor if committed in Arizona, we must compare the Iowa statute, under which defendant was convicted, with Arizona's counterpart statute in effect when defendant committed the Iowa offense. *See State v. Atwood,* 171 Ariz. 576, 647, 832 P.2d 593, 664 (1992). On March 10, 1978, defendant was convicted in Iowa of theft in the third degree. Under the Iowa Code in effect on March 10, 1978, theft in the third degree was an aggravated misdemeanor and encompassed theft of property with a value of more than $100, but less than $500. Iowa Code § 714.2 (Supp.1977).

The Arizona counterpart statute in effect on March 10, 1978 was former A.R.S. § 13–663(A). It defined grand theft as "[t]heft of money, labor or property of the value of more than one hundred dollars." Laws 1968, ch. 10, § 1 (repealed by Laws 1977, ch. 142, § 23, eff. Oct. 1, 1978). Under the pre–1978 Arizona Criminal Code, grand theft was a felony. Laws 1974, ch. 144, § 4 (repealed by Laws 1977, ch. 142, § 23, eff. Oct. 1, 1978). Because the Iowa offense involved theft of property with a value of more than $100, defendant's crime would have been a felony in Arizona in March 1978 under § 13–663(A). Therefore, defendant is subject to the enhancement provisions of § 13–604(A)–(G).

II. *Although Defendant Is Subject to § 13–604(A)–(G)'s Enhancement Provisions, None of Them Apply to Defendant.*

■ Having found that defendant is subject to § 13–604(A)–(G)'s enhancement provisions, we must now determine whether any of the provisions apply to defendant. Because defendant's 1989 convictions were for class 3 felonies, the pertinent enhancement provision is § 13–604(B), which provides in part:

> [A] person who ... stands convicted of a class ... 3 felony, ... and who has previously been convicted of *any felony* shall be [given an enhanced sentence].

(Emphasis added.) The enhancement provision requires the defendant to have been previously convicted of *any felony*. It does not say that a person who stands convicted of a class 3 felony shall be given an enhanced sentence if he has previously been convicted of an offense which, if committed in this state, would have been pun-

ishable as a felony.[1] Because defendant's 1978 Iowa conviction was classified as an aggravated *misdemeanor* in Iowa, *not a felony*, it may not be used to enhance his sentences under A.R.S. § 13–604(B).

*Conclusion*

None of § 13–604(A)–(G)'s enhancement provisions apply to defendant. Section 13–604 did not give the trial court the authority to consider defendant's 1978 Iowa misdemeanor conviction as a felony in order to enhance his punishment. Accordingly, we affirm defendant's convictions, reverse his sentences, and remand this cause to the trial court for resentencing consistent with this opinion. The court of appeals' memorandum decision is vacated.

FELDMAN, C.J., MOELLER, V.C.J., and JAMES DUKE CAMERON, J. (Retired), concur.

---

1. The court of appeals relied on A.R.S. § 13–604(I) and *State v. Hoover,* 151 Ariz. 470, 728 P.2d 689 (App.1986), in concluding that defendant's aggravated misdemeanor conviction could be used to enhance his sentences. In *Hoover,* the issue was whether a person convicted of simple burglary in Louisiana when he was 17 years old was subject to the enhancement provisions of A.R.S. § 13–604(A)–(G). 151 Ariz. at 471, 728 P.2d at 690.

The defendant argued that in Arizona he would have been under the jurisdiction of the juvenile court and, therefore, subsection (I) of the statute did not apply. The court of appeals disagreed, stating that the focus is on the elements of the statutes and that a comparison of Louisiana and Arizona law demonstrated that the conduct in Louisiana would have constituted a felony in Arizona.

The court of appeals' reliance on *Hoover* is misplaced. Nothing in *Hoover* indicates that the prior Louisiana offense was not a felony.