860 P.2d 482

**STATE of Arizona, Appellee,**

v.

**Gary Young Soo SONG, Appellant.**

**No. CR–92–0079–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 28, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Joseph T. Maziarz and Crane McClennen, Asst. Attys. Gen., Phoenix, for State of Ariz.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for Gary Young Soo Song.

OPINION

MARTONE, Justice.

We are asked to decide whether a defendant may, for the first time on appeal, object to sentence enhancement under A.R.S. § 13–604.02 on the ground that the out-of-state felony for which he was on parole would not necessarily constitute a felony in Arizona. We conclude that, because defendant failed to raise this issue in the trial court, he is precluded from raising it on appeal.

I. *BACKGROUND*

The defendant, Gary Young Soo Song, was convicted of manslaughter, a class 3 dangerous felony. The trial court found that he was on parole from an Hawaii felony conviction for "possession of a firearm by a person convicted of certain crimes" at the time of the offense. Although Song objected to the authenticity of the release documents, he did not object to the application of A.R.S. § 13–604.02(A), which enhances sentences for dangerous felonies committed while the defendant is on release from a felony conviction.[1] Accordingly, Song was sentenced to life imprisonment without the possibility of parole for 25 years.

Song argued for the first time on appeal that it was improper to enhance his sentence pursuant to § 13–604.02 because the Hawaii felony for which he was on parole does not necessarily constitute a felony in Arizona as, he contends, is required by § 13–604.02. The court of appeals reached the issue despite Song's failure to raise it

---

1. A.R.S. § 13–604.02(A) states in relevant part: a person convicted of any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument, the intentional or knowing infliction of serious physical injury upon another, ... if committed while the person is on probation for a conviction of a felony offense or parole, work furlough or any other release or escape from confinement for conviction of a felony offense shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis ... until the person has served not less than twenty-five years.

in the superior court. The court conducted a detailed comparison of the Hawaii crime of "possession of a firearm by a person convicted of certain crimes" with its Arizona analogue, A.R.S. § 13–3102(A)(4), "misconduct involving weapons," which makes it a felony for certain persons to possess a "deadly weapon." It concluded that, although the statutes are very similar, one could be guilty of the Hawaii felony for *recklessly* possessing a firearm, citing *State v. Pinero,* 70 Haw. 509, 778 P.2d 704, 715 (1989), while the Arizona statute requires a *knowing* mental state, citing *State v. Tyler,* 149 Ariz. 312, 316, 718 P.2d 214, 218 (App.1986). The court remanded the case to the trial court for resentencing. We granted the state's petition for review.

## II. *ANALYSIS*

We note that A.R.S. § 13–604.02, unlike A.R.S. § 13–604,[2] which enhances sentences for dangerous and repetitive offenses, and A.R.S. § 13–702(D)(11),[3] which allows prior felony convictions to be used as aggravating factors, does not explicitly require that non-Arizona convictions be considered felony convictions only if they would constitute felonies in Arizona.[4] This may well reflect the fact that the focus of § 13–604.02 is on offenses committed while on *release* from a prior offense, not the prior offense itself. Nevertheless, the court of appeals concluded that the prior offense must be a felony in Arizona, based on language from this court's opinion in *State v. Weible,* 142 Ariz. 113, 688 P.2d

1005 (1984). In reply to Weible's argument that § 13–604.02 only enhances sentences for crimes committed while a defendant is on release from an *Arizona* felony conviction, the court stated:

> we hold that A.R.S. § 13–604.[02] applies to defendants that are on parole from felony convictions, regardless of where the defendants' parole status originated. *The test is whether the prior felony conviction, resulting in the parole status, would have been authorized by the laws of Arizona.*

*Id.* at 118, 688 P.2d at 1010 (emphasis added). We decline to decide at this time whether *Weible* definitively settled the issue of whether the non-Arizona felony must constitute a felony in Arizona for purposes of § 13–604.02. We will, however, assume for purposes of this appeal that the court of appeals was correct in its interpretation of *Weible.*[5]

The court of appeals reached the merits, despite Song's failure to object to the trial court's use of his release status, by concluding that "[i]mposing a sentence in excess of the limit allowed by statute would constitute . . . fundamental error." As authority for this proposition, the court cited *State v. Phillips,* 139 Ariz. 327, 329, 678 P.2d 512, 514 (App.1983), in which the court of appeals held that "[w]hen the prior conviction used to enhance a sentence under A.R.S. § 13–604 cannot be considered a prior conviction [because it would not be a felony conviction under Arizona law], a sentence under that statutory provision is

---

**2.** A.R.S. § 13–604(I) provides, in part, that: "A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section." *See also State v. Decker,* 172 Ariz. 33, 833 P.2d 704 (1992) (holding that a prior non-Arizona conviction, to be used as a prior felony conviction under the statute, must both be for an offense that would constitute a felony in Arizona, and be classified as a felony in the other jurisdiction).

**3.** A.R.S. § 13–702(D)(11) states that prior felony convictions are to be considered aggravating factors and states: "A conviction outside the jurisdiction of this state for an offense which if

committed in this state would be punishable as a felony is a felony conviction for purposes of this paragraph."

**4.** *But see* A.R.S. §§ 13–105(13) and (20).

**5.** The state argues that, if § 13–604.02 requires that the defendant be on release from a felony that would be a felony in Arizona, it should be allowed to prove that defendant's *conduct* would have constituted a felony in Arizona even though the legal definition of the non-Arizona offense does not contain all the elements of an Arizona felony. We have rejected such an approach under A.R.S. § 13–604 (see, e.g., *State v. Decker,* 172 Ariz. 33, 34, 833 P.2d 704, 705 (1992)) and do so now in the context of § 13–604.02.

not lawful and may be objected to on appeal." *Phillips* in turn cited *State v. Canada*, 107 Ariz. 66, 481 P.2d 859, *cert. denied*, 404 U.S. 848, 92 S.Ct. 154, 30 L.Ed.2d 87 (1971), and *State v. Armendariz*, 127 Ariz. 422, 621 P.2d 928 (App.1980). *Canada*, however, does not stand for this proposition. As discussed below, it supports the opposite conclusion. *Armendariz* did not address waiver at all; it simply decided the merits of the issue in that case—whether a prior conviction was for a dangerous nature felony as stipulated in the plea agreement.

The enhancement statute involved in *Canada* enhanced sentences of defendants with previous felony convictions. A.R.S. § 13–1649 (1956).[6] Like the current statute (see A.R.S. § 13–604(K)), this statute required that the prior conviction be charged in the indictment or information and found by the trier of fact. And, as under the current statute (see A.R.S. § 13–604(I)), a conviction from another jurisdiction was treated as a prior conviction for purposes of the enhancement statute if the previous offense would have been a felony in Arizona. A.R.S. § 13–1650 (1956).[7]

The defendant in *Canada* was convicted of two counts of forgery. He was given an enhanced sentence based on a prior federal felony conviction for aiding and abetting a bank robbery, which he admitted. On appeal, he argued for the first time that this enhancement was improper because the prior federal offense would not have been a felony under Arizona law. We refused to reach the merits of this argument, and noted that "[s]uch a defense must be raised by a defendant under a plea of not guilty to

the commission of a previous offense." We cited *Valdez v. State*, 49 Ariz. 115, 65 P.2d 29 (1937).

The enhancement statute in effect at the time *Valdez* was decided was virtually identical to that in effect at the time *Canada* was decided. The defendant in *Valdez* was convicted of burglary in the first degree. The indictment charged that he had previously been convicted in California of burglary in the second degree. While testifying at trial, the defendant admitted this prior conviction, and he was subsequently given an enhanced sentence. On appeal, the defendant argued that his sentence was improper because the prior conviction would not necessarily have constituted a felony in Arizona. The court refused to reach the merits of this argument, holding instead that:

> We are of the opinion that when the previous conviction is charged to be an offense which is designated by name by our law as one falling within the required category, the presumption is that the conviction in the other state carried with it all the essentials of the crime in Arizona, and that if it is contended to the contrary, that is a matter of defense which can and must be raised by the defendant under a plea of not guilty to the commission of the previous offense. We hold, therefore, that the information does sufficiently set up facts which would justify the imposing of sentence under [the enhancement statute].

49 Ariz. at 121, 65 P.2d at 31.

We read this case to mean that the *existence* of a conviction is an issue of fact which must be admitted or proven, but that

---

**6.** The statute read:

> A. A person who, having been previously convicted ... for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:
>
> 1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years.
>
>     \*    \*    \*    \*    \*    \*
>
> B. The punishments prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction is

charged in the indictment or information and admitted or found by the jury.

**7.** This statute read:

> A person who has been convicted in any court without this state of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, shall be punished for any subsequent crime committed within this state in the manner prescribed by § 13–1649, and to the same extent as if the first conviction had taken place in a court of this state.

the *essence* or nature of the conviction as it relates to Arizona law is an issue of law, which like other legal issues is precluded unless raised. If raised by objection or otherwise, the judge decides the issue by comparison of the relevant statutes and cases as he or she would any other purely legal issue. If not raised by objection or otherwise in the trial court, the defendant cannot claim error for the first time on appeal.

Although *Canada* and *Valdez* were decided under previous enhancement statutes, they are just as persuasive under the current enhancement statute, § 13–604, and, by analogy, § 13–604.02. *Phillips* is thus in conflict with controlling precedent. We reject its reasoning regarding the doctrines of preclusion and fundamental error.

The state in this case introduced documents proving that the defendant was in fact on probation from an Hawaii conviction for "Possession of Firearm by a Person Convicted of Certain Crimes," a felony under Haw.Rev.Stat. § 134–7(b) (1985).[8] By failing to contend that such a crime would not be a felony in Arizona, the defendant is precluded from arguing otherwise on appeal. He cannot now object to the use of his release status to enhance his sentence under § 13–604.02.

### III. *CONCLUSION*

We hold that a defendant who fails to object to the use of a prior felony conviction on the ground that it would not constitute a felony in Arizona cannot raise the issue on appeal. Thus, even if § 13–604.02 requires that the defendant be on release from a felony conviction that would be a felony in Arizona, Song is precluded from claiming error on appeal. We therefore vacate the memorandum decision of the court of appeals in this case, and reinstate the sentence imposed in the superior court.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

8. A copy of this statute was provided to the trial court.