860 P.2d 485

**STATE of Arizona, Appellee,**

v.

**Steven Patrick FAGNANT, Appellant.**

**No. CR–92–0099–PR.**

Supreme Court of Arizona, En Banc.

Sept. 28, 1993.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Crane McClennen, Asst. Atty. Gen., Phoenix, for State of Ariz.

C. Kenneth Ray, II, Phoenix, for Steven Patrick Fagnant.

---

8. A copy of this statute was provided to the trial   court.

## OPINION

MARTONE, Justice.

We granted review to decide whether a defendant who has admitted a prior felony conviction from another jurisdiction can object for the first time on appeal to the use of that prior conviction as an aggravating factor under A.R.S. § 13–702(D)(11) on the ground that it has not been shown to be a felony in Arizona. We hold that the defendant is precluded from doing so.

## I. *BACKGROUND*

The defendant, Steven Patrick Fagnant, pled guilty to one count of trafficking in stolen property in the first degree, a class 2 felony (A.R.S. § 13–2307(B) and (C)), and one count of fraudulent schemes and artifices, also a class 2 felony (A.R.S. § 13–2310). The state initially alleged that the defendant had previously been convicted in Washington of "Unlawful Delivery of a Controlled Substance, a felony." This allegation, made pursuant to A.R.S. § 13–604, was dismissed as part of the plea bargain. The presentence report stated, as to the prior offense, that defendant was initially charged with delivery of a controlled substance but pled guilty to "obstructing police." It indicated that this was a felony offense. Defendant refused to participate in the preparation of the presentence report. However, he filled out a pre-sentence questionnaire in which he admitted the prior conviction and described the offense as "conspiracy with intent to deliver." The information in the presentence report, as well as the presentence questionnaire completed by the defendant himself, shows that the defendant was given a 10 year suspended sentence with 5 years probation.

At sentencing, the trial court said it was using the prior felony offense as an aggravating factor.[1] Fagnant did not object. Based on this, and several other aggravating factors, the trial court sentenced defendant to two aggravated (but not maximum) concurrent terms of 9 years. Fagnant argued for the first time on appeal that it was inappropriate to use the prior conviction as an aggravating circumstance. The court of appeals agreed, holding that an out-of-state felony conviction cannot be used as an aggravating factor without a showing that it would be a felony in Arizona. *State v. Fagnant*, 173 Ariz. 10, 839 P.2d 430 (1992). The state petitioned for review, contending that, having failed to object in the trial court, the defendant lost his right to object to the use of his prior conviction as an aggravating factor. We granted review and now vacate the opinion of the court of appeals.

## II. *ANALYSIS*

In a companion case, *State v. Song*, 176 Ariz. 215, 860 P.2d 482 (1993), we held that a defendant who fails to object to the use of a prior felony conviction under A.R.S. § 13–604.02 on the ground that it would not constitute a felony in Arizona cannot raise the issue on appeal. Whether the non-Arizona felony could be committed in a manner that would not constitute a felony under Arizona law is a purely legal issue which is precluded unless raised. If the defendant fails to do so by objection or otherwise, he or she may not raise the issue for the first time on appeal.

This rule is consistent with the doctrine that an appellate court will not address an issue raised for the first time on appeal unless the error is fundamental. As noted in *State v. Gendron*, 168 Ariz. 153, 155,

---

1. In regard to aggravation and mitigation the court stated:

    I have considered all the circumstances presented to me. I have considered the mitigating circumstances, which is the defendant's substance abuse problem. I have considered as well the mitigating circumstances set forth in Dr. Fidler's report.

    I have considered, however, the aggravating circumstances as well, that being these two separate felony offenses. *The defendant had a prior felony offense as well....*

    And I have also considered the substantial amount of restitution involved, that this offense involved, and the intention to commit the offense for pecuniary gain. I do find the aggravating circumstances outweigh the mitigating circumstances.

    (Appendix A to Petition for Review; R.T. of July 6, 1990 at 7–8 (emphasis added).)

812 P.2d 626, 628 (1991), the reason for this doctrine is clear—"without the rule, the system won't work." Fundamental error has been described as error that is "clear" and "egregious," *id.,* error that the trial court should recognize on its own initiative, *State v. Gilreath,* 107 Ariz. 318, 319, 487 P.2d 385, 386 (1971), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1781, 32 L.Ed.2d 121 (1972), and error of such magnitude that it deprives the defendant of a fair trial, *State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). Use of a prior non-Arizona felony conviction to enhance a defendant's sentence is not this kind of error. This conclusion is even more compelling in the aggravation context.

Aggravating factors, unlike enhancement factors, do not increase the range of sentence to which a defendant is subject; they are used by the judge in determining the propriety of a sentence within the allotted range. They need not be proven by the state, and the court is not limited to formal "evidence" but may consider any reliable information made available to it. *See* A.R.S. § 13–702(C); Rule 26.7(b), Ariz. R.Crim.P.; *State v. Jones,* 147 Ariz. 353, 355, 710 P.2d 463, 465 (1985). Under these circumstances, a defendant has an obligation to correct or supplement information that has been made available to the court that the defendant considers erroneous or incomplete. We conclude that the rule in *Song* is a sensible rule to apply under the aggravation statute as well.

Defendant admitted the existence of the conviction. He did not raise the legal issue he seeks to raise here. He is thus precluded from doing so.

### III. *DISPOSITION*

Whether a conviction outside Arizona is for an offense which if committed here would be a felony within the meaning of A.R.S. § 13–702(D)(11) is a legal issue which must be first raised in the trial court or else the issue is precluded on appeal. We vacate the opinion of the court of appeals and reinstate the sentence imposed in the superior court.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.