7 P.3d 92

**STATE of Arizona, Appellee/Respondent,**

v.

**Michael Lee HEATH, Appellant/Petitioner.**

**No. CR–99–0466–PR.**

Supreme Court of Arizona, En Banc.

July 18, 2000.

Charles L. Weninger, Tucson, Attorney for Heath.

Janet A. Napolitano, Attorney General By Paul J. McMurdeie, Chief Counsel, Criminal Appeals Section and Eric J. Olsson, Assistant Attorney General, Phoenix, Attorneys for the State of Arizona.

## O P I N I O N

McGREGOR, Justice.

¶ 1 In this case we consider whether the defendant was properly sentenced under Arizona Revised Statute Annotated (A.R.S.) section 13–604.I, now section 13–604.N, which provides enhanced penalties for persons "convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor." A.R.S. § 13–604.N (West Supp.1999).

¶ 2 Defendant was found guilty of the offense of theft by control and/or controlling stolen property on November 22, 1995. At trial, defendant admitted to two prior felony convictions. Subsequent to the jury's guilty verdict, the State proved defendant's alleged prior convictions by introducing certified copies of three convictions from the State of Nevada. The State did not present any evidence other than the certified copies regarding the defendant's prior convictions. The jury found that the defendant had three prior felony convictions. The trial court then sentenced defendant to an aggravated prison sentence of sixteen years because the defendant was unremorseful, was on parole at the time of the offense, and had two or more prior felony convictions.

¶ 3 Defendant claims his sentence was improperly enhanced because the State failed to carry its burden of proof under A.R.S. section 13–604.I, now 13–604.N. As previously noted, section 13–604.N provides that a person convicted of an offense committed in another jurisdiction is subject to enhanced penalties if such crime "would be punishable as a felony" in Arizona. *Id.* "[T]he State may qualify an out-of-state conviction as an enhancing prior felony by establishing that the defendant was convicted under a particular subsection of a foreign statute, if that subsection encompasses only conduct that would constitute a felony in Arizona." *State v. Thompson,* 186 Ariz. 529, 532, 924 P.2d 1048, 1051 (1996). The State must prove that "the fact finder in the prior case actually found beyond a reasonable doubt that the defendant had committed every element that would be required to prove the Arizona offense." *State v. Clough,* 171 Ariz. 217, 219–20, 829 P.2d 1263, 1265–66 (1992) (citing *State v. Ault,* 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988)).

¶ 4 The State argues that because the defendant admitted to his prior felonies it is relieved of its burden to prove that the defendant had committed every element that would be required to prove that such offense would be a felony in Arizona. Although an admission by a defendant at trial dispenses with the necessity of proof of prior convictions, such an admission does not constitute proof that the foreign conviction would have been a felony under Arizona law. A defendant's testimony is immaterial and incompetent whether a foreign conviction constitutes a felony in Arizona, because that question raises an issue of law. Therefore, the trial judge must make that determination.

¶ 5 It is unclear from the record whether the trial judge determined that Heath's Nevada convictions would constitute felonies in Arizona, as required by A.R.S. section 13–604.N. If the trial judge made that determination, Heath's sentence was properly enhanced. If the trial judge did not make that determination, Heath must be resentenced. We therefore vacate the opinion of the court of appeals, and remand to the trial

court for proceedings consistent with this decision.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.