SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-06-0205-PR |
| Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 04-0999 |
| JOHN DAVID CRAWFORD, | ) |
| | ) Maricopa County |
| Appellant. | ) Superior Court |
| | ) No. CR2004-011318-001 DT |
| | ) |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Thomas W. O'Toole, Judge

**VACATED; REMANDED**
_____

Memorandum Decision of the Court of Appeals, Division One
Filed Feb. 16, 2006

**VACATED**
_____

John David Crawford                                        Buckeye
In Propria Persona

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
      By   Randall M. Howe, Chief Counsel,
           Criminal Appeals Section
           Joseph T. Maziarz, Assistant Attorney General
Attorneys for the State of Arizona
_____

**H U R W I T Z**, Justice

¶1        Arizona Revised Statutes ("A.R.S.") § 13-604 (Supp.

2004) subjects a criminal defendant who has a "prior historical

felony conviction" to enhanced sentences. *See* A.R.S. § 13-604(W)(2) (defining "prior historical felony conviction"). If the prior conviction occurred "in any court outside the jurisdiction of this state," it is treated as a prior historical felony conviction only if it involves "an offense which if committed within this state would be punishable as a felony." A.R.S. § 13-604(N). The issue in this case is how a court determines whether a foreign conviction involves an offense that would be punishable as a felony under state law if committed here.

**I.**

¶2 John David Crawford was convicted after a jury trial of one count of burglary in the first degree, a class 2 felony under A.R.S. § 13-1508 (2001), and two counts of aggravated assault, class 3 felonies under A.R.S. § 13-1204 (Supp. 2004). The State sought enhanced sentences under A.R.S. § 13-604(D), alleging that Crawford had two historical prior felony convictions.

¶3 Crawford admitted the prior convictions, but claimed that one did not qualify as a historical prior felony under A.R.S. § 13-604(N). That conviction occurred in the United States District Court for the District of Arizona in 2003, after Crawford pled guilty to one count of an indictment alleging that he had violated 18 United States Code ("U.S.C.") § 1708 by

2

possessing a credit card stolen from the United States mail. Crawford contended that the federal conviction did not meet the statutory definition of a prior historical felony conviction because 18 U.S.C. § 1708 can be violated by conduct that would not constitute a felony under Arizona law.

¶4      The State did not contest that the federal statute can be violated by conduct that would not constitute a felony under Arizona law.  The State argued, however, that Crawford's actions, as described in the relevant count of the federal indictment, would have violated either A.R.S. § 13-1802(a)(5) (2001) (theft) or A.R.S. § 13-2102(a)(1) (2001) (credit card theft), both felonies.  After reviewing the allegations in the federal indictment, the superior court agreed.  Finding that Crawford had two historical prior felony convictions, the court imposed the presumptive sentences in A.R.S. § 13-604(D).[1]

¶5      The court of appeals affirmed.  *State v. Crawford*, 1 CA-CR 04-0999 (Ariz. App. Feb. 16, 2006) (mem. decision). We

---

[1]     Because Crawford had committed the crimes for which he was convicted while on probation, the superior court was required under A.R.S. § 13-604.02 (2001) to impose no less than the presumptive sentences specified in A.R.S. § 13-604(D) -- 15.75 years for the burglary conviction and 11.25 years for each of the aggravated assault convictions.

If the superior court had found only one prior historical felony conviction, sentencing would have been imposed pursuant to § 13-604(B).  The presumptive sentences would have been 9.25 years for the burglary and 6.5 years for the aggravated assaults. *Id.*

granted Crawford's petition for review because defining the method by which a court determines whether convictions in other jurisdictions should be treated as historical prior felony convictions involves a recurring issue in our criminal jurisprudence. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and Arizona Rule of Criminal Procedure 31.19.

## II.

¶6      "[W]hether a foreign conviction constitutes a felony in Arizona . . . raises an issue of law," which we review de novo. *State v. Heath*, 198 Ariz. 83, 84 ¶ 4, 7 P.3d 92, 93 (2000). The defendant's admission of the prior conviction is of no consequence in that legal analysis. "Although an admission by a defendant at trial dispenses with the necessity of proof of prior convictions, such an admission does not constitute proof that the foreign conviction would have been a felony under Arizona law." *Id.*

## A.

¶7      Before using a foreign conviction for sentencing enhancement purposes under § 13-604, the superior court must first conclude that the foreign conviction includes "every element that would be required to prove an enumerated Arizona offense." *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988). The court makes this determination by comparing

4

the statutory elements of the foreign crime with those in the relevant Arizona statute. *Id*. (comparing California and Arizona rape statutes to determine if prior California rape convictions constituted "serious" crimes under previous version of A.R.S. § 13-604(S)); *State v. Benenati*, 203 Ariz. 235, 242 ¶¶ 24-26, 52 P.3d 804, 811 (App. 2002) (comparing Florida and Arizona robbery statutes to determine if prior Florida robbery convictions "constituted a prior felony conviction for sentencing purposes" under A.R.S. § 13-604(N)). "[T]here must be strict conformity between the elements of the [foreign] felony and the elements of some Arizona felony before [A.R.S. § 13-604(N)] can apply." *State v. Clough*, 171 Ariz. 217, 219, 829 P.2d 1263, 1265-66 (App. 1992) (comparing Montana bad check statute with various Arizona theft and fraud statutes).

¶8        The cases interpreting § 13-604 are consistent with our case law involving the use of foreign convictions in capital sentencing. The capital cases make plain that only the "statutory definition of the prior crime, and not its specific factual basis" can be considered in determining whether a foreign conviction is treated as a "serious offense" and thus an aggravating circumstance under A.R.S. § 13-703(F)(2). *State v. Henry*, 176 Ariz. 569, 587, 863 P.2d 861, 879 (1993) (reviewing California involuntary manslaughter statute to determine if a statutory element of that crime involved violence in order to

determine whether the California conviction was an aggravating circumstance under previous version of A.R.S. § 13-703(F)(2)); *accord State v. Roque*, 213 Ariz. 193, 216-17 ¶¶ 82-88, 141 P.3d 368, 391-92 (2006) (refusing to "look beyond the language of the [foreign] statutes" to the complaint describing the defendant's conduct in determining whether prior California robbery conviction constituted a "serious offense" under A.R.S. § 13-703(F)(2)); *State v. Schaaf*, 169 Ariz. 323, 334, 819 P.2d 909, 920 (1991) (reviewing Nevada attempted murder statute to determine if that crime involved violence and holding that sentencing courts "may consider only the statute that the defendant [was] charged with violating; it may not consider other evidence").

¶9      Under our precedents, the sentencing court focuses solely on the elements of the foreign statute under which the defendant was convicted, a purely legal issue, and is freed from the burden of making factual determinations about the defendant's underlying conduct.  We thus conserve judicial resources by avoiding, "in effect, a second trial on defendant's prior conviction."  *State v. Gillies*, 135 Ariz. 500, 511, 662 P.2d 1007, 1018 (1983) (involving previous version of § 13-703(F)(2)); *see also Schaaf*, 169 Ariz. at 333, 819 P.2d at 919 (affirming the approach taken in *Gillies*).

¶10    The State acknowledges the general rule that prior foreign convictions are to be analyzed for enhancement purposes under § 13-604 only by comparing the elements of the foreign statute to Arizona law, but nonetheless argues that *State v. Thompson*, 186 Ariz. 529, 924 P.2d 1048 (App. 1996), supports the result below.  In *Thompson*, the court of appeals held that "charging documents" could be examined to "pinpoint the statutory basis of a prior conviction."  *Id.* at 532, 924 P.2d at 1051.  Such documents could be used for "establishing that the defendant was convicted under a particular subsection of a foreign statute, if that subsection encompasses only conduct that would constitute a felony in Arizona."  *Id.*

¶11    *Thompson* is of no avail to the State here.  As we made clear in *Roque*, *Thompson* allows use of a charging document "only to narrow the foreign conviction to a particular subsection of the statute that served as the basis of the foreign conviction" and not to establish "the factual nature of the prior conviction."  213 Ariz. at 217 ¶ 88, 141 P.3d at 392.  The federal statute at issue here, 18 U.S.C. § 1708, has no subsections.  The courts below used the charging documents not to "pinpoint" the subsection describing the crime for which Crawford was convicted, but instead to establish the "factual nature of the conviction."

## III.

¶12     The courts below erred in using the federal indictment to determine whether Crawford's 2003 federal conviction was a prior historical felony conviction under § 13-604(N).  We accordingly vacate Crawford's sentence and the memorandum decision of the court of appeals and remand to the superior court for further sentencing proceedings consistent with this opinion.


_____
Andrew D. Hurwitz, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice