173 P.3d 472

**STATE of Arizona, Appellee,**

v.

**Charles Eugene SMITH, Appellant.**

**No. 1 CA–CR 06–0742.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 24, 2007.

That way I think the record will be solid.

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Joseph T. Maziarz, Assistant Attorney General, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender, by Stephen R. Collins, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

IRVINE, Presiding Judge.

¶ 1 Charles Eugene Smith appeals his sentence on the basis that it was improperly enhanced and his credit for presentence incarceration was incorrect. We hold that Smith's failure to argue in the trial court that his prior felony convictions would not constitute felonies in Arizona bars him from raising the issue on appeal. The State having no objection, we also order that his presentence incarceration credit be increased.

1. We cite to the current version of A.R.S. § 13–604 because no revisions material to this deci-

## FACTS AND PROCEDURAL HISTORY

¶ 2 Charles Eugene Smith ("Smith") was convicted in Maricopa County Superior Court of one count of theft of means of transportation, a class three felony, and one count of armed robbery, a class two, dangerous felony. The State alleged that Smith had five prior felony convictions. The trial court considered three of the five at Smith's final sentencing hearing: a robbery in California in 1988, resisting arrest in Florida in 1992, and a robbery in Florida in 1992.

¶ 3 With regard to the first felony (the California robbery), the trial court asked Smith's attorney, "[y]ou agree that that would meet the robbery requirements ... of Arizona statutes[,] correct?" Smith's attorney replied "[t]hat's correct, Your Honor."

¶ 4 With regard to the second felony (the Florida resisting arrest), Smith's attorney said, "we are not disputing that that is a prior." The judge followed up with, "[s]o [ ] the defendant concedes this is, in fact, an allegeable prior felony conviction[,]" to which Smith's attorney replied, "[y]es, Your Honor." The State then corrected the record by asserting that the offense was too old to be allegeable so it would be categorized simply as a prior felony conviction.

¶ 5 With regard to the third felony (the Florida robbery), the judge asked Smith's attorney what Smith's position was and the attorney replied, "Your Honor, we don't dispute that."

¶ 6 The court found that Smith had three prior felony convictions. He sentenced Smith to 6.5 years on count one and 9.25 years on count two, with 227 days credit for presentence incarceration for each count. Smith timely appeals.

¶ 7 On appeal, Smith argues that his sentence was improperly enhanced because none of his three prior convictions from other states met the definition of historical felony conviction under Arizona Revised Statutes ("A.R.S.") section 13–604 (Supp.2007)[1] and that he was entitled to credit for 259 days of

sion have occurred.

presentence incarceration instead of 227. We have jurisdiction under A.R.S. § 12–2101(B) (2003).

### DISCUSSION

¶ 8 Arizona Revised Statutes § 13–604(B) provides that "a person who . . . stands convicted of a class 2 or 3 felony . . . and who has a historical prior felony conviction shall be sentenced to imprisonment as prescribed in this subsection . . . ." A historical prior felony means, among other things, "[a]ny felony conviction that is a third or more prior felony conviction," even if each felony is too old to ordinarily be considered. A.R.S. § 13–604(W)(2)(b)–(d). A felony conviction from a jurisdiction outside of Arizona falls within these enhanced-penalty provisions if the offense would have constituted a felony in Arizona. A.R.S. § 13–604(N); *State v. Heath,* 198 Ariz. 83, 84, ¶ 3, 7 P.3d 92, 93 (2000) (A defendant convicted of a foreign felony is "subject to enhanced penalties" if the crime is punishable as a felony under Arizona law.).

█ ¶ 9 The statute defining the offense in the foreign jurisdiction must not include behavior that would not constitute a felony in Arizona. *Id.* Similarly, it must be shown that all the elements required to prove an Arizona felony were also found beyond a reasonable doubt by the trier of fact of the foreign conviction. *Id.* This determination is made "by comparing the statutory elements of the foreign crime with those in the relevant Arizona statute"; the underlying facts are not examined in the process. *State v. Crawford,* 214 Ariz. 129, 131–32, ¶¶ 7, 9, 149 P.3d 753, 755–56 (2007).

█ ¶ 10 Smith argues that the court erroneously found that he had three prior felonies because none of the felonies found to be historical priors were in strict conformity with the felony statutes in Arizona. The State argues that Smith is barred from making this argument on appeal because he failed to raise it at the trial court, relying on *State v. Song,* 176 Ariz. 215, 217–18, 860 P.2d 482, 484–85 (1993).

¶ 11 In *Song,* the defendant was convicted of manslaughter and the trial court found he was on parole from a prior foreign felony conviction when he committed the crime. *Id.* at 215, 860 P.2d at 482. Song did not object in the trial court to the use of the prior conviction to enhance his sentence under a statute permitting enhancement for dangerous felonies committed while on release. *Id.* Song then argued on appeal that the enhancement was improper because the prior felony would not constitute a felony in Arizona. *Id.* The court of appeals reached Song's arguments on the merits and concluded that the Arizona statute required a person to knowingly possess a firearm while the foreign statute only required reckless possession. *Id.* at 215–16, 860 P.2d at 482–83. In vacating the decision, the Arizona Supreme Court held that "a defendant who fails to object to the use of a prior felony conviction on the ground that it would not constitute a felony in Arizona cannot raise the issue on appeal." *Id.* at 218, 860 P.2d at 485. The court reasoned that the "nature of the conviction as it relates to Arizona law is an issue of law, which like other legal issues is precluded unless raised." *Id.*

¶ 12 In *Song's* companion case of *State v. Fagnant,* the supreme court held that whether a foreign conviction is a felony under Arizona law is a legal issue that must be preserved in the trial court or appeal is barred. 176 Ariz. 218, 220, 860 P.2d 485, 487 (1993). The court explained that its conclusion was consistent with the rule that an issue not preserved for appeal will only be reviewed by the appellate court if the error is fundamental. *Id.* at 219, 860 P.2d at 486. *Fagnant* further held that enhancing or aggravating a sentence by using a "non-Arizona" felony is not fundamental error. *Id.* at 220, 860 P.2d at 487.

¶ 13 Smith argues, however, that *Song* and *Fagnant* are not controlling because the supreme court's more recent decision in *Crawford* shows that his failure to object in the trial court does not waive his right to argue the prior convictions on appeal. In *Crawford,* the defendant was convicted of first degree burglary and the State argued at sentencing that he had two prior felony convictions. 214 Ariz. at 130, ¶ 2, 149 P.3d at 754. The defendant admitted to the prior felonies but argued, thus preserving the issue

for appeal, that one did not qualify as a prior felony conviction because the statutory definition of the prior conviction did not constitute a felony under Arizona's statute. *Id.* at 130–31, ¶ 3, 149 P.3d at 754–55. The supreme court stated that a "defendant's admission of the prior conviction is of no consequence in th[e] legal analysis" of whether a foreign conviction would be a felony in Arizona. *Id.* at 131, ¶ 6, 149 P.3d at 755. The court then held that the trial court may not examine the allegations contained in the foreign indictment to determine whether those acts would be punishable as a felony in Arizona. *Id.* at 131–32, ¶¶ 4, 12, 149 P.3d at 755–56.

¶ 14 As in *Crawford,* Smith admitted to his prior convictions, but, unlike Crawford, he did not make an objection to their use in the trial court. Smith construes *Crawford's* de novo review of the issue and the statement that "[t]he defendant's admission of the prior conviction is of no consequence" to mean that his failure to argue the issue at trial does not bar his appeal. We read *Crawford* as saying that simply admitting the fact of the prior conviction does not preclude a properly raised argument regarding its legal application.

¶ 15 Smith also cites *Heath,* which held that a defendant's "admission [of a foreign conviction] does not constitute proof that the foreign conviction would have been a felony under Arizona Law." 198 Ariz. at 84, ¶ 4, 7

P.3d at 93. The supreme court held that issue to be a question of law which the trial judge must determine. *Id.* In *Heath,* it was unclear whether the trial court determined that the foreign convictions would also constitute felonies in Arizona. *Id.* In this case, the trial court plainly addressed the issue and Smith's counsel either agreed or did not dispute that the foreign convictions were properly considered.

¶ 16 We recognize that the policy given effect in *Crawford* and *Heath* that the applicability of a foreign conviction should be clearly considered as an issue of law by the trial court is somewhat at odds with the holdings of *Song* and *Fagnant.*[2] Nevertheless, *Song* and *Fagnant* have not been overruled, and we are bound by them. *State v. Smyers,* 207 Ariz. 314, 318 n. 4, ¶ 15, 86 P.3d 370, 374 n. 4 (2004).

¶ 17 We conclude that *Song* and *Fagnant* are controlling. A defendant may not argue on appeal that the elements of a foreign conviction do not constitute a felony under an Arizona statute unless the argument has been preserved in the trial court, and we do not review for fundamental error. Therefore, Smith's appeal is barred.

## CONCLUSION

¶ 18 Smith waived his right to appeal whether his foreign convictions constitute fel-

---

**2.** We also recognize that some of our opinions may have created some confusion concerning this issue by holding that a sentence imposed under an incorrect statute is reviewable for fundamental error. *See State v. Avila,* 217 Ariz. 97, 99, ¶ 8, 170 P.3d 706, 708 (App.2007) ("Because defendant did not contend in the trial court that his commission of the forgery was too remote in time to qualify as a historical prior felony conviction before the trial court, he has forfeited this claim and we review it only for fundamental error."); *State v. Joyner,* 215 Ariz. 134, 136 n. 1, 137, ¶¶ 1, 4–5, 158 P.3d 263, 265 n. 1, 266 (App.2007) (Where the defendant argued for the first time on appeal that his prior convictions did not meet the statutory definition for "violent crime," the court held that improperly imposing a sentence under a mandatory sentencing statute results in an illegal sentence and is fundamental error.); *State v. Thues,* 203 Ariz. 339, 340 n. 2, ¶¶ 1, 4, 54 P.3d 368, 369 n. 2 (App.2002) (holding that a defendant's stipulation to a prior Proposition 200 drug paraphernalia conviction is not

invited error and his failure to argue in the trial court that a Prop 200 conviction may not be used to enhance his sentence under § 13–604(B) is reviewable only for fundamental error); *State v. Cox,* 201 Ariz. 464, 467–68, ¶¶ 11–13, 37 P.3d 437, 440–41 (App.2002) (Although the defendant did not object in the trial court and his sentences did not exceed the legal maximums he would be eligible for had the correct ranges been used, the sentencing process "was fundamentally flawed" and constituted fundamental error because it used ranges not permitted absent proof the offenses were committed while the defendant was on parole.); *State v. Canion,* 199 Ariz. 227, 230, ¶¶ 7–8, 10, 16 P.3d 788, 791 (App.2000) (In a case where the judge imposed a sentence for felony murder after the jury found the defendant guilty of committing both felony murder and second degree murder of one victim, the Court of Appeals held that "an illegal sentence can be reversed on appeal despite the lack of an objection."). Nevertheless, the holdings of *Song* and *Fagnant* specifically address the issue before us.

**312**

onies under Arizona law because he did not preserve the argument in the trial court.

¶ 19 Smith and the State agree that he is entitled to a total of 259 days presentence incarceration credit. Smith was arrested on December 1, 2005, and was released six days later on December 7, 2005. He was rearrested on December 14, 2005 and was still incarcerated on August 24, 2006, the day he was sentenced, which is an additional 253 days of incarceration. Therefore, we agree that Smith is entitled to a total of 259 days presentence incarceration credit and order his sentence be so modified.

CONCURRING: SHELDON H. WEISBERG and PATRICIA K. NORRIS, Judges.

