SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-08-0033-PR |
| Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 06-0742 |
| CHARLES EUGENE SMITH, | ) |
| | ) Maricopa County |
| Appellant. | ) Superior Court |
| | ) No. CR2005-142402-001 DT |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Joseph B. Heilman, Judge
_____

Opinion of the Court of Appeals, Division One
217 Ariz. 308, 173 P.3d 472 (2007)

**VACATED AND REMANDED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Catanni, Chief Counsel, Criminal Appeals
          Craig W. Soland, Assistant Attorney General
          Joseph T. Maziarz, Assistant Attorney General
          Nicholas D. Acedo, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER             Phoenix
     By   Stephen R. Collins, Deputy Public Defender
Attorneys for Charles Eugene Smith
_____

**R Y A N**, Justice

¶1      This case requires us to decide if a defendant's claim

that prior felony convictions from other jurisdictions are

legally insufficient for sentence enhancement purposes can be reviewed on appeal when he did not preserve the claim in the trial court. We hold that despite the lack of a timely objection, such a claim is reviewable for fundamental error.

**I**

¶2        A jury convicted Charles Eugene Smith of one count of theft of means of transportation, a class three felony, and armed robbery, a class two dangerous felony. The State alleged three prior felony convictions for purposes of sentence enhancement: (1) a 1988 California robbery conviction; (2) a 1992 Florida resisting arrest conviction; and (3) a 1992 Florida robbery conviction.

¶3        Arizona Revised Statutes ("A.R.S.") section 13-604(N) (2001) provides in part that "[a] person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony . . . is subject to the provisions of [§ 13-604]." Consequently, Smith's foreign convictions may be used to enhance his sentences only if the offenses for which he was convicted would be felonies in Arizona.

¶4        During the sentencing proceeding, the trial judge asked defense counsel if he agreed that Smith's California robbery conviction would meet Arizona's statutory requirements. Counsel answered, "That's correct[,] Your Honor." When asked about the

2

Florida resisting arrest conviction, Smith's attorney similarly replied, "[W]e are not disputing that that is a prior." The trial judge then asked if "the defendant concedes this is, in fact, an allegeable prior felony conviction[?]" Smith's attorney responded, "Yes, Your Honor."[1] The judge also asked Smith's attorney to state his position on the Florida robbery conviction. He replied, "Your Honor, we don't dispute that [it qualifies as a historical prior felony conviction]."[2]

¶5 The court enhanced Smith's sentences under A.R.S. § 13-604(B). The judge sentenced Smith to 6.5 years for theft of means of transportation. Without explanation, the judge treated the armed robbery as a non-dangerous offense, sentencing Smith to a concurrent term of 9.25 years, even though the jury had found dangerousness. The State did not object to this sentence.

¶6 On appeal, Smith argued that his sentences were improperly enhanced. He maintained that none of his three prior

---

[1] The State correctly advised the court that that the Florida resisting arrest conviction was too old to be allegeable under A.R.S. § 13-604(W)(2)(c) (Supp. 2005) (stating that a prior class six felony conviction must have been committed "within the five years . . . preceding the date of the present offense" to qualify as a historical prior felony conviction). In Arizona, resisting arrest is a class six felony. A.R.S. § 13-2508(B) (2001).

[2] Because of the age of the convictions, the trial judge treated them as one historical prior felony conviction under A.R.S. § 13-604(W)(2)(d), which defines a "historical prior felony conviction" as "[a]ny felony conviction that is a third or more prior felony conviction."

foreign convictions strictly conformed to the felony statutes in Arizona as required by A.R.S. § 13-604(N). Relying on two opinions from this Court, *State v. Fagnant*, 176 Ariz. 218, 860 P.2d 485 (1993), and *State v. Song*, 176 Ariz. 215, 860 P.2d 482 (1993), the State contended that Smith was precluded from raising this argument on appeal.

¶7    The court of appeals held that "Smith waived his right to appeal whether his foreign convictions constitute felonies under Arizona law because he did not preserve the argument in the trial court." *State v. Smith*, 217 Ariz. 308, 311-12, ¶ 18, 173 P.3d 472, 475-76 (App. 2007). In reaching its conclusion, the court found *Song* and *Fagnant* "controlling." *Id.* at 311, ¶ 17, 173 P.3d at 475.

¶8    Smith petitioned for review, claiming that the court of appeals' ruling contravenes this Court's decisions in *State v. Crawford,* 214 Ariz. 129, 149 P.3d 753 (2007), and *State v. Heath,* 198 Ariz. 83, 7 P.3d 92 (2000). After we granted review, the State conceded that Smith may argue for the first time on appeal that his foreign convictions do not constitute felonies in Arizona. The State maintains, however, that such review is limited to fundamental error. It argues that Smith cannot show prejudice because he could have been sentenced as a first-time dangerous offender for the armed robbery offense and given a

4

presumptive term of 10.5 years – 1.25 years more than he received.  A.R.S. § 13-604(B), (I).

**¶9**      We granted review because this is a recurring issue of statewide importance.[3]  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution, A.R.S. § 12-120.24 (2003), and Arizona Rule of Criminal Procedure 31.19.

**II**

**¶10**      "[W]hether a foreign conviction constitutes a felony in Arizona . . . raises an issue of law," which we review de novo. *Heath*, 198 Ariz. at 84, ¶ 4, 7 P.3d at 93.  Before a court may use "a foreign conviction for sentencing enhancement purposes under § 13-604, the superior court must first conclude that the foreign conviction includes 'every element that would be required to prove an enumerated Arizona offense.'"  *Crawford*, 214 Ariz. at 131, ¶ 7, 149 P.3d at 755 (quoting *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988)).  Because the determination of whether a foreign conviction would constitute a felony in Arizona is a question of law, a defendant's admission that he has a prior felony conviction does not relieve the state of its burden to prove that the foreign conviction established "every element that would be required to prove that such offense would be a felony in

---

[3]      *See, e.g., State v. Rasul*, 216 Ariz. 491, 496, ¶ 20, 167 P.3d 1286, 1291 (App. 2007) (reviewing the improper use of prior felony convictions to enhance a sentence for fundamental error on appeal despite the lack of an objection).

Arizona." *Heath*, 198 Ariz. at 84, ¶ 4, 7 P.3d at 93. Instead, the trial court must make "this determination by comparing the statutory elements of the foreign crime with those in the relevant Arizona statute." *Crawford*, 214 Ariz. at 131, ¶ 7, 149 P.3d at 755.

¶11 The court of appeals acknowledged that the applicability of a foreign conviction is a legal issue. *Smith*, 217 Ariz. at 311, ¶ 16, 173 P.3d at 475. Nevertheless, because neither *Song* nor *Fagnant* had been overruled, the court relied on these decisions to conclude that Smith waived the argument that his sentence was improperly enhanced by his prior felonies. *Id.* at ¶ 17.

### III

¶12 The narrow question that this case presents is whether *Song* and *Fagnant* still apply to preclude appellate review of the use of prior foreign felony convictions for enhancement purposes if defense counsel fails to object.

¶13 In *Song,* the defendant was convicted of manslaughter. 176 Ariz. at 215, 860 P.2d at 482. Song was on parole for a felony conviction in another state when he committed the crime in Arizona. *Id.* At trial, Song did not object to the use of the prior conviction to enhance his sentence under A.R.S. § 13-604.02(A), a statute that permits enhancement for dangerous felonies committed while a defendant is on release. *Song*, 176

6

Ariz. at 215, 860 P.2d at 482. On appeal he challenged the use of the prior conviction for the first time. *Id*.

¶**14**      This Court held that legal issues, such as whether a foreign felony would have constituted a felony if committed in Arizona, are precluded unless raised in the trial court. *Id*. at 218, 860 P.2d at 485 (noting that if "a defendant . . . fails to object to the use of a prior felony conviction," he "cannot raise the issue on appeal"). The "nature of the conviction as it relates to Arizona law is an issue of law, which like other legal issues is precluded unless raised." *Id*.

¶**15**      In *Fagnant*, a companion case to *Song*, this Court reiterated that whether a foreign conviction constitutes a felony under Arizona law is a legal issue that must be preserved in the trial court. 176 Ariz. at 219, 860 P.2d at 486. The trial court had used the defendant's prior Washington felony conviction to aggravate his Arizona sentences under what is now A.R.S. § 13-702(C)(11).[4] *Fagnant*, 176 Ariz. at 219, 860 P.2d at 486. Fagnant did not object at trial, but argued on appeal that the Washington conviction could not be used as an aggravating circumstance "without a showing that it would be a felony in Arizona." *Id.* The Court held that if the defendant fails to

---

[4]   *See* 1993 Ariz. Sess. Laws, ch. 255, § 11 (1st Reg. Sess.) (moving this aggravating factor from subsection (D)(11) to (C)(11)).

raise this "purely legal issue" at trial, "he or she may not raise [it] for the first time on appeal." *Id.* The Court went on to note that "[t]his rule is consistent with the doctrine that an appellate court will not address an issue for the first time on appeal unless the error is fundamental." *Id.* It then concluded that this "kind of error" was not fundamental. *Id.* at 220, 860 P.2d at 487.[5]

**IV**

**¶16** Because Arizona's appellate courts have changed their approach to the type of sentencing errors addressed in *Song* and *Fagnant*, we reject the continuing applicability of those cases.

---

[5] The Court further observed that its conclusion was even more compelling in the aggravation context.

> Aggravating factors, unlike enhancement factors, do not increase the range of sentence to which a defendant is subject; they are used by the judge in determining the propriety of a sentence within the allotted range. They need not be proven by the state, and the court is not limited to formal "evidence" *but may consider any reliable information made available to it.*

*Fagnant*, 176 Ariz. at 220, 860 P.2d at 487 (emphasis added).

The law concerning sentencing has of course changed substantially since *Song* and *Fagnant*. It is now clear that aggravating factors do increase the range of sentence to which a defendant is exposed and that the state has the burden of proving any fact necessary to impose a sentence in excess of that authorized by the jury verdict or guilty plea. *See, e.g., Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

8

¶17     To begin, we note that *Heath* did not cite or overrule either *Song* or *Fagnant*.  But *Heath's* holding evidenced a shift in our approach to such claims of error. 198 Ariz. at 84, ¶ 4, 7 P.3d at 93.  In the apparent absence of an objection in the trial court, *Heath* held that "whether a foreign conviction constitutes a felony in Arizona . . . raises an issue of law."  *Id*.

¶18     Moreover, since *Song* and *Fagnant*, this Court has found that legal error in other sentencing contexts constitutes fundamental error, reviewable as such on appeal despite the lack of an objection at trial.  For example, in *State v. Kelly*, we agreed with a court of appeals' decision holding that improper use of two prior convictions committed on the same occasion[6] constituted "fundamental error which can be raised for the first time on appeal."  190 Ariz. 532, 534, ¶ 5, 950 P.2d 1153, 1155 (1997) (citing *State v. Graves*, 188 Ariz. 24, 27, 932 P.2d 289, 292 (App. 1996)).  More recently, we stated that despite defense counsel's agreement that consecutive sentences were required, "[w]hen a trial court labors under a misunderstanding of the sentencing law, thinking that a consecutive sentence is mandatory rather than discretionary, that portion of the sentence should be set aside and the matter remanded for sentencing."  *State v.*

---

[6]     Section 13-604(M) provides that "[c]onvictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

9

*Stroud*, 209 Ariz. 410, 414, ¶¶ 20-21, 103 P.3d 912, 916 (2005); *cf. State v. Morales*, 215 Ariz. 59, 61-62, ¶¶ 9-10, 157 P.3d 479, 481-82 (2007) (holding that even when an attorney stipulates "to the existence of a prior conviction for purposes of sentence enhancement," the judge's failure to give the colloquy required under Arizona Rule of Criminal Procedure 17.6 "is fundamental error because a defendant's waiver of constitutional rights must be voluntary and intelligent").

¶19      Likewise, the court of appeals has on numerous occasions reviewed legal errors in sentencing for fundamental error.[7]  *See, e.g.*, *State v. Avila*, 217 Ariz. 97, 99, ¶ 8, 170 P.3d 706, 708 (App. 2007) (reviewing sentencing argument not raised in the trial court for fundamental error); *State v. McCurdy*, 216 Ariz. 567, 574 n.7, ¶ 18, 169 P.3d 931, 938 n.7 (App. 2007) (noting that an admission does not constitute proof that the foreign conviction would have been a felony under Arizona law and that substantial prejudice inheres in an illegally enhanced sentence); *Rasul*, 216 Ariz. at 496-97, ¶¶ 20, 27, 167 P.3d at 1291-92 (reviewing unobjected to sentencing error for fundamental error)); *State v. Joyner*, 215 Ariz. 134, 136 n.1, ¶ 5, 137, 158 P.3d 263, 265 n.1, 266 (App. 2007) (same); *State v.*

---

[7]    The court below also recognized that decisions from that court reviewed sentences "imposed under an incorrect statute" for fundamental error. *Smith*, 217 Ariz. at 311 n.2, ¶ 16, 173 P.3d at 475 n.2 (citing cases).

10

*Cox*, 201 Ariz. 464, 467-68, ¶¶ 11-13, 37 P.3d 437, 440-41 (App. 2002) (same).

¶**20**     These cases demonstrate that, with the exception of *Song* and *Fagnant*, Arizona appellate courts have consistently reviewed legal sentencing errors for fundamental error even when there has not been an objection below.  Therefore, to the extent *Song* and *Fagnant* preclude a defendant's claim that a trial court enhanced his sentence with a legally insufficient foreign prior felony conviction, we overrule them.  Accordingly, the court of appeals is not prohibited from addressing Smith's claim for fundamental error.

V

¶**21**     For Smith to prevail on his claim, however, he must satisfy the standards of fundamental review set forth in *State v. Henderson*,  210 Ariz. 561, 567-68, ¶¶ 19-21, 115 P.3d 601, 607-08 (2005).  We held there that a defendant who does not object at trial forfeits the right to obtain appellate relief, except when the error goes to the foundation of the case, the error takes from the defendant a right essential to his defense, and the error is of such magnitude that the defendant could not possibly have received a fair trial.  *Id*. at 567, ¶ 19, 115 P.3d at 607. We also explained that "to prevail under this standard of review," a defendant must establish that (1) error exists, (2)

the error is fundamental, and (3) the error caused him prejudice. *Id.* at ¶ 20.

**¶22**      We conclude that the improper use of a prior foreign conviction to enhance a prison sentence goes to the foundation of a defendant's right to receive a valid and legal sentence and is "of such magnitude that the defendant could not have possibly received" a fair sentencing. *Id*. at ¶ 19; *see McCurdy,* 216 Ariz. at 574 n.7, ¶ 18, 169 P.3d at 938 n.7 (noting that an illegally imposed enhanced sentence is substantially prejudicial); *see also United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The imposition of an illegal sentence constitutes plain error."). Thus, a defendant's claim that a trial court did not properly examine whether his foreign conviction included "every element that would be required to prove an enumerated Arizona offense," *Crawford*, 214 Ariz. at 131, ¶ 7, 149 P.3d at 755 (citation and internal quotation marks omitted), may be reviewed for fundamental error despite the lack of an objection.[8]

---

[8]      We decline to decide whether Smith has established either that error occurred or, if so, whether it resulted in prejudice, as these issues can be addressed by the court of appeals on remand. We also decline to address the State's argument, raised initially in its response to the petition for review, that Smith invited the error through his attorney's concessions. *See, e.g.*, *State v. Logan*, 200 Ariz. 564, 565-66, ¶ 9, 30 P.3d 631, 632–33 (2001).

**VI**

¶23     Based on the foregoing, we vacate the court of appeals' opinion and remand to that court for further proceedings consistent with this opinion.


_____
                    Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice