NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY WINDFIELD ANDERSON, *Appellant.*

No. 1 CA-CR 14-0506

FILED 5-5-2015

Appeal from the Superior Court in Coconino County
No. S0300CR201200646
The Honorable Dan Slayton, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Misty D. Guille
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        Defendant appeals from his conviction and sentence for one count of sexual conduct with a minor.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In 2005, while Defendant was 23 years old, he engaged in a sexual relationship with the victim, his 15-year-old cousin.  As a result of the sexual relationship, the victim became pregnant and gave birth to a son.  Six years later, the victim reported the relationship to the police and Defendant was indicted for one count of sexual conduct with a minor, a class six felony.

¶3        At trial, the victim testified that Defendant knew she was a minor and that he told her he wanted to impregnate her so that she would be undesirable to anyone else.  The victim also testified that Defendant was her only sexual partner prior to the birth of her son and that Defendant admitted to her that he was the father of her son.  The State also presented DNA evidence showing a complete match between Defendant's DNA and that of the victim's son.

¶4        Defendant was convicted; the court suspended imposition of sentence and placed Defendant on probation.  Defendant timely appealed.

## DISCUSSION

¶5        In the trial court, Defendant did not object to either of the claimed errors from which he now appeals; accordingly, we review for fundamental error.  *State v. Smith*, 219 Ariz. 132, 136, ¶ 21 (2008). To prevail under fundamental error review, Defendant must establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *Id.*

¶6          Defendant claims that the detective offered improper expert profile evidence when he testified that sexual abuse victims typically delay reporting the crime.

¶7          Defendant has failed to establish error. Here, the detective did not testify that the victim's delay in reporting indicated she was, in fact, a victim of sexual abuse; rather, he was explaining why he did not ask for an explanation of the six-year delay in reporting.

¶8          Even if the detective's testimony is viewed as expert testimony, "[t]estimony describing behavioral characteristics or conduct outside jurors' common experience is permitted." *State v. Moran*, 151 Ariz. 378, 384 (1986). Because the detective generally explained the behavior displayed by child sexual-abuse victims without opining as to whether the present victim's behavior indicated she in fact suffered sexual abuse, it was permissible expert testimony. *Id.*

¶9          Defendant has also failed to show prejudice. The victim's testimony, coupled with DNA evidence showing that Defendant is the father of her son, are overwhelming evidence of guilt. *See State v. Lindsey*, 149 Ariz. 472, 477-78 (1986) (affirming convictions on counts supported by overwhelming evidence even though improper expert testimony was admitted).

¶10          Defendant next argues the prosecutor improperly sought to inflame the jury's passion during closing argument.

¶11          "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)). To determine if a prosecutor's comments during closing argument constitute misconduct, the court will consider whether the "statements called to the jury's attention matters it should not have considered in reaching its decision" and "the probability that the jurors were in fact influenced by the remarks." *State v. Newell*, 212 Ariz. 389, 402, ¶ 60 (2006).

¶12          There is no error. The prosecutor's statements that Defendant should have considered the impact his actions would have on the victim sought to highlight the fact that Defendant was 23, an adult, and the victim was 15, a minor. The ages of Defendant and the victim were material issues for the jury to consider in reaching its verdict.

**¶13**        Furthermore, Defendant has not shown prejudice.  Given the overwhelming evidence of Defendant's guilt, there is no reasonable likelihood that these statements affected the jury's verdict.  The victim gave birth to the child when she was a minor, the child's DNA was a complete match to Defendant's DNA, and the victim testified that Defendant was the only person with whom she had a sexual relationship during the time in question.  Based on the evidence presented at trial, Defendant cannot show his conviction resulted from anything other than direct evidence of his guilt.

## CONCLUSION

**¶14**        For the reasons above, Defendant's conviction and resulting sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama