NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DINARR ANDREW WHITESIDE, *Appellant.*

No. 1 CA-CR 16-0270
FILED 6-6-2017

Appeal from the Superior Court in Maricopa County
No. CR2010-110385-001 DT
The Honorable Lisa Daniel Flores, Judge
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

B E E N E, Judge:

¶1        Dinarr Andrew Whiteside appeals his conviction for resisting arrest, a class 6 felony, and his subsequent 2.25-year prison sentence.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2010, officers sought to arrest Whiteside in connection with an outstanding warrant for his arrest.  Officers went to the home of Whiteside's niece, who invited the officers in and consented to a search.  During the search, Whiteside was discovered hiding under a bed.

¶3        Officers ordered Whiteside out from under the bed, but he refused to comply.  Officers grabbed Whiteside by his feet and dragged him out from under the bed.  Over a two-minute period, officers attempted to handcuff Whiteside, but he "flopp[ed]," "thrash[ed]," "kicked" and "rolled" to avoid arrest.  Whiteside was eventually subdued and arrested.  The State charged Whiteside with one count of resisting arrest in violation of Arizona Revised Statutes ("A.R.S.") section 13-2508 (2010).[1]

¶4        After failing to appear at a 2010 pretrial conference, the superior court issued a bench warrant for Whiteside's arrest.  Whiteside remained a fugitive and was tried *in abstentia* in August 2010.  The jury convicted Whiteside, but he remained a fugitive until he was charged for drug-related offenses in 2015.

¶5        Whiteside pleaded guilty to the drug-related offenses.  Whiteside's plea agreement was contingent upon his admission at the time of sentencing for his resisting arrest conviction that he had a prior felony conviction.  Whiteside admitted his prior felony conviction and based on

_____

[1]        In 2012, the Arizona Legislature amended A.R.S. § 13-2508, adding subsection (A)(3), which makes passive resistance to arrest unlawful.  *See* 2012 Ariz. Sess. Laws, Ch. 265 (2nd Reg. Sess.).

his admission, the superior court sentenced him to the maximum term of 2.25-years in prison for his resisting arrest conviction.

**¶6**         Whiteside timely appealed his conviction.   We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017), and 13-4033(A) (2017).

## DISCUSSION

**¶7**         Whiteside challenges his conviction on two grounds.   First, Whiteside argues that the jury instruction explaining the elements of resisting arrest resulted in a duplicitous charge.  The jury instruction given mirrored the language found in the resisting arrest statute, A.R.S. § 13-2508;[2] therefore, this case raises an issue of statutory interpretation, which we review *de novo*.  *State v. Gonzalez*, 216 Ariz. 11, 12, ¶ 2 (App. 2007). Because Whiteside failed to object to the jury instruction at trial, we review only for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial."  *Id.* (internal quotation omitted).  To prevail under fundamental error review, Whiteside "must establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."  *State v. Smith*, 219 Ariz. 132, 136, ¶ 21 (2008).

**¶8**         A duplicitous charge occurs where "the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge."  *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12

---

[2]     The final jury instruction given read:

The crime of Resisting Arrest requires proof that:

1. A peace officer, acting under official authority, sought to arrest either the defendant or some other person; *and*
2. the defendant knew, or had reason to know, that the person seeking to make the arrest was a peace officer acting under color of such peace officer's official authority; *and*
3. The defendant intentionally prevented, or attempted to prevent, the peace officer from the making the arrest; *and*
4. The means used by the defendant to prevent the arrest involved either the use or threat to use physical force or any other substantial risk of physical injury to either the peace officer or another.

(App. 2008). A duplicitous charge can constitute fundamental error. *State v. Davis*, 206 Ariz. 377, 390, ¶¶ 63–64 (2003). However, "[a] count is not considered duplicitous merely because it charges alternate ways of violating the same statute." *State v. O'Brien*, 123 Ariz. 578, 583 (App. 1979). Rather, a single unified offense, or alternative-means statute, "identif[ies] a single crime and provide[s] more than one means of committing the crime." *State v. West*, 238 Ariz. 482, 489, ¶ 19 (App. 2015) (internal quotations omitted). Single unified offense statutes do not deprive the defendant of his constitutional rights to a unanimous jury verdict. *O'Brien*, 123 Ariz. at 583.

¶9 In order to determine whether a statute is a single unified offense or duplicitous, we must "ascertain and give effect to the intent of our legislature." *West*, 238 Ariz. at 489–90, ¶ 20 (internal quotations omitted). The plain language of the statute is the best indicator of legislative intent, but we may also consider the title of the statute, whether there was a perceivable connection between the acts listed in the statute, whether those acts were consistent with each other, and whether those acts might inhere in the same transaction. *Id.*

¶10 In relevant part, A.R.S. § 13-2508 provides that:

A. A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer or another; or

2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

¶11 The elements the State must show to prove a violation of § 13-2508 are clear and unambiguous. The title, resisting arrest, "summarizes the statute as dealing with a single offense." *State v. Forrester*, 134 Ariz. 444, 448 (App. 1982). The statutory language enumerates two ways, or means, a person can violate the statute—using or threatening physical force, or creating a substantial risk of physical injury. The two alternative means of violating § 13-2508 are not repugnant to each other because proof of one "does not disprove the other" and these acts could occur in the "same transaction." *State v. Manzanedo*, 210 Ariz. 292, 294, ¶¶ 8–9 (App. 2005). Contrary to Whiteside's argument, § 13-2508 "identif[ies] a single crime and

provide[s] more than one means of committing the crime." *West*, 238 Ariz. at 489, ¶ 19 (internal quotations omitted).

**¶12**        Whiteside contends that the jury instruction here was duplicitous and deprived him of a unanimous jury verdict because it cannot be determined which subsection of § 13-2508 he violated. However, it is well established in Arizona that a jury need not unanimously agree upon the manner in which the charged offense was committed, only that the defendant committed the crime. An instruction that defines alternate ways by which the crime charged could be committed, and follows the statutory language in doing so, is not duplicitous. *See State v. Herrera*, 176 Ariz. 9, 16 (1993); *West*, 238 Ariz. at 494, ¶ 38. Here, after the presentation of the evidence and instruction by the court that followed the statutory language, the jury unanimously convicted Whiteside of one count of resisting arrest. We conclude that § 13-2508 is a single unified offense, the proffered jury instruction was not duplicitous and did not deprive Whiteside of a unanimous verdict.

**¶13**        Whiteside's second argument is that the court improperly aggravated his sentence in violation of *Blakely v. Washington*, 542 U.S. 296, 314 (2004), because the jury did not make a finding of fact that Whiteside had prior felony convictions. Because Whiteside failed to object to the court's aggravation factors, we review for fundamental error. *See Henderson*, 210 Ariz. at 567, ¶ 19.

**¶14**        As part of his plea agreement with the State, Whiteside admitted to a prior felony conviction for sentencing purposes. The superior court did not commit fundamental error by using the prior felony conviction to enhance Whiteside's sentence, because a jury finding of the prior felony conviction was not necessary. *Blakely*, 542 U.S. at 301 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added) (internal quotation omitted).

**¶15**        Additionally, the superior court did not err in considering Whiteside's prior felony conviction as an aggravating factor when it imposed the maximum prison sentence. *State v. Bonfiglio*, 228 Ariz. 349, 354, ¶ 21 (App. 2011) ("A trial court may use the same convictions to enhance or increase the sentencing range and to aggravate a defendant's sentence within the enhanced range.").

## CONCLUSION

¶16 For the foregoing reasons, we affirm Whiteside's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA